# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT NATIONAL, INC., *et al.*,[1] | ) Case No. 18-10189 (KG) |
| | ) |
| Debtor. | ) |
| | ) |
| MICHELLE L. COLE, ANDREA SCARLETT and JESSICA BARAD, on their own behalf and on behalf of all other persons similarly situated, | ) Adversary Proceeding No. 18-50278 (KG) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRIOT NATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable to this proceeding by Fed.R.Bankr.P. 7026, shall be deemed to have taken place on the date that the Pretrial Conference is scheduled to go forward (i.e., May 15, 2018).;

IT IS ORDERED that:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

PHIL1 6997700v.1

1. Rule 7026(a)(1) Initial Disclosures.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) within fifteen (15) days of the date of this Order.

2. Joinder of other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before September 10, 2018.

3. Discovery.

a. Discovery Cut-Off. All discovery in this case shall be initiated so that it will be completed on or before March 4, 2019. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in District Court Local Rule 26.1 shall be strictly observed.

b. Disclosure of Expert Testimony. Unless otherwise ordered or agreed to by the parties, they shall file their initial Bankruptcy Rule 7026(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principals announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

c. Discovery Disputes. Del. Bankr.L.R. 9013-1(b) notwithstanding, please do not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 252-2913, extension 3 to schedule a telephone conference. Not less than forty-eight hours prior to the

2

conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

4. <u>Application to Court for Protective Order.</u> In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. If counsel is unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3c above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3

5. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to Chambers an original and one copy of the papers.

6. Interim Status Report. On or before December 3, 2018, counsel shall file with the Court an interim report on the nature of the matters in issue and the progress of discovery to date.

7. Status Conference. On _____, 20___, the Court will hold a Rule 16(a), (b) and (c) Conference by telephone with counsel beginning at _____ .m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

8. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 3, 2019.

Briefing will be presented pursuant to Del. Bankr.L.R. 7007-1.

9. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.

10. Pretrial Conference. On _____, 20___, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Bankruptcy Rule 7026(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order _____, 20___ .

PHIL1 6997700v.1

11. <u>Motions in Limine.</u> No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of five pages of facts and argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

12. <u>Pre-Trial Briefs.</u> Parties may or shall if the Court requests, file a pre-trial brief. In order to preclude an advantage to a party, the parties should submit and exchange briefs at the pre-trial conference.

13. <u>Trial.</u> This matter is scheduled for a ____ day trial beginning at ____ .m. on _____, 20___.

Dated: _____, 2018.

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

Scheduling Order
(Revised January 4, 2011)