# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **PATRIOT NATIONAL, INC.,** *et al.*,[1] | Case No. 18-10189 (___) |
| **Debtors.** | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT AND FORM AND MANNER OF NOTICE OF DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PROPOSED PLAN PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND 1128 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 3003, 3017, 3018, 3020 AND 9006 AND LOCAL RULES 2002-1, 3017-1, AND 9006-1

Patriot National, Inc. ("PNI") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" or "Patriot") respectfully represent as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 2018, 3020, and 9006 of

---

1.  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 3017-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors request entry of an order:

i.      approving the form and manner of notice and hearing to consider the proposed Disclosure Statement for the Debtors' proposed Chapter 11 Plan (as may be amended or modified, the "Proposed Disclosure Statement");

ii.     approving the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

iii.    scheduling a hearing (the "Confirmation Hearing") to consider confirmation of the Debtors' proposed Chapter 11 Plan (as may be amended or modified, the "Proposed Plan");

iv.     approving the below described solicitation procedures for the Proposed Plan; and

v.      approving the below described confirmation procedures for the Proposed Plan.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

| FOR THE COURT'S CONVENIENCE, THE BELOW CHART PROVIDES THE KEY DATES SOUGHT PURSUANT TO THE PROPOSED ORDER: | |
| --- | --- |
| Disclosure Statement Objection Deadline | **Thursday, March 1, 2018 at 4:00 p.m. (Eastern Time)** |
| Deadline to Reply to Disclosure Statement Objection(s) | **Tuesday, March 6, 2018** |
| Disclosure Statement Hearing | **Thursday, March 8, 2018 at 10:00 a.m. (Eastern Time)** |
| Voting Record Date | **Thursday, March 8, 2018** |
| Solicitation Date | **The date that is five business days following entry of the Proposed Order (expected to be Wednesday, March 14)** |
| Plan Supplement Filing Deadline | **Thursday, April 5, 2018** |
| Rule 3018 Motion Deadline | **4:00 p.m. (Eastern Time) on the fifth day after the later of (i) service of the Confirmation Hearing Notice, or (ii) service of notice of an objection, if any, to such Claim.** |

DOCS_DE:217653.2 69353/002

| Voting Deadline | **Friday, April 13, 2018 at 4:00 p.m. (Eastern Time)** |
|---|---|
| Plan Confirmation Objection Deadline | **Friday April 13, 2018 at 4:00 p.m. (Eastern Time)** |
| Voting Certification Deadline | **Friday, April 20, 2018 at 4:00 p.m. (Eastern Time)** |
| Deadline to Reply to Plan Objection(s) and File Brief in Support of Plan Confirmation | **Friday, April 20, 2018 at 4:00 p.m. (Eastern Time)** |
| Confirmation Hearing | **Tuesday, April 24, 2018 at 10:00 a.m. (Eastern Time)** |

3.     For the Court's further reference, the Debtors provide below a list of the various exhibits and documents cited throughout the Motion:

| Document | Exhibit |
|---|---|
| Proposed Order | Exhibit A to this Motion |
| Proposed Disclosure Statement | D.I. 16 |
| Proposed Plan | D.I. 15 |
| Notice of Disclosure Statement Hearing | Exhibit 1 to the Proposed Order |
| Ballots | Exhibits 2-5 to the Proposed Order |
| Notice of Non-Voting Status – Unimpaired Classes | Exhibit 6 to the Proposed Order |
| Notice of Non-Voting Status – Impaired Classes | Exhibit 7 to the Proposed Order |
| Confirmation Hearing Notice | Exhibit 8 to the Proposed Order |

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over the Application pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3

5.     The statutory and rule bases for the relief requested herein are sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code, Rules 2002, 3003, 3017, 2018, 3020, and 9006 of the Bankruptcy Rules, and Rules 2002-1, 3017-1, and 9006-1 of the Local Rules.

## BACKGROUND

6.     On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     On the Petition Date, the Debtors filed the Proposed Plan and the Proposed Disclosure Statement in accordance with the terms of the Restructuring Support Agreement (the "RSA") dated as of November 28, 2017 between the Debtors and certain holders of 100% of the aggregate outstanding principal amount owed under the Financing Agreement, dated as of November 9, 2016 (the "Consenting Lenders"). Pursuant to the terms of the RSA, the Consenting Lenders agreed to vote in favor of, and otherwise support, the Proposed Plan, provided that certain conditions and milestones are satisfied. The Proposed Plan provides, among other things:

- Holders of DIP Claims, Administrative Expense Claims and Priority Tax Claims will, unless otherwise agreed among the Holder, the Debtors and the First Lien Agent, be paid in full in cash on the Effective Date of the Plan;

- Holders of Allowed Priority Claims will, unless otherwise agreed among the Holder, the Debtors and the First Lien Agent, be paid in full in cash on the Effective Date of the Plan;

- Holders of Secured First Lien Lender Claims will receive their pro rata share of each of (i) the New Equity Interests (ii) the New Term Loan Facility;

- Holders of First Lien Lender Deficiency Claims will receive their pro rata share of the Litigation Trust Interests in the Litigation Trust distributable to Holders of First Lien Lender Deficiency Claims and representing a right to receive distributions from the Litigation Trust in accordance with the Litigation Proceeds Waterfall.

- Holders of Continuing Vendor Claims and Continuing Retail Agent Claims will be paid (a) in the ordinary course of business in accordance with any invoice, contract or other agreement governing the terms of such payment, or (b) if such amounts are overdue as of the Effective Date, in two equal installments with the first such installment being made on the Effective Date and the second being made on the date that is the six month anniversary of the Effective Date assuming compliance by the Holder with its Continuing Vendor Agreement or Continuing Retail Agent Agreement, as applicable;

- Holders of General Unsecured Claims (other than Continuing Vendor Claims and Continuing Retail Agent Claims) will receive their pro rata share of the Litigation Trust Interests in the Litigation Trust distributable to Holders of Allowed General Unsecured Claims and representing a right to receive distributions from the Litigation Trust in accordance with the Litigation Proceeds Waterfall and GUC Cash Pool Waterfall;

- Intercompany claims of the Debtors will be extinguished on the Effective Date of the Plan; and

- Existing equity interests in the Debtors will be extinguished on the Effective Date of the Plan.

8.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief* (the "Feltman Declaration"), filed contemporaneously herewith.

### THE PROPOSED DISCLOSURE STATEMENT

9.      Under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3016(b), the Debtors prepared and filed the Proposed Disclosure Statement to provide parties adequate information and disclosure regarding the terms of the Proposed Plan.   The Debtors

intend to provide parties with copies of the Proposed Disclosure Statement, once approved, in connection with the Debtors' solicitation of votes to accept or reject the Proposed Plan.

## I.    **Approval of the Disclosure Statement**

10.    Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed chapter 11 plan of reorganization.  Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

11.    Accordingly, a debtor's disclosure statement must provide sufficient information to permit impaired creditors entitled to vote on the plan to make an informed judgment.  *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan.").  The essential requirement of a disclosure statement is that it "'clearly and succinctly inform[s] the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there

are to getting its distribution.'" *In re Keisler*, No. 08-34321, 2009 WL 1851413, at *4 (Bankr. E.D. Tenn. June 29, 2009) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).

12.     Whether a disclosure statement required under section 1125(b) contains adequate information "is not governed by any otherwise applicable nonbankruptcy law, rule, or regulation." 11 U.S.C. § 1125(d).  Instead, bankruptcy courts have broad discretion to determine the adequacy of the information contained in a disclosure statement.  *See, e.g., In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement.") (citing *In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995)); *In re Phoenix Petroleum Co.*, 278 B.R. at 393 (noting that the determination of what is adequate information is "largely within the discretion of the bankruptcy court") (quoting *Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988)).  Congress granted bankruptcy courts such wide discretion in determining the adequacy of a disclosure statement to facilitate effective reorganizations of debtors in a broad range of businesses, taking into account the various circumstances that accompany chapter 11 cases.  *See* H.R. REP. NO. 95-595 at 408–09 (1977); *see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (noting that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").  Accordingly, the determination of whether a disclosure statement contains adequate information is made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the

7

legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

13.     In that regard, in determining whether a disclosure statement contains adequate information, courts generally examine a list of factors, including, but not limited to, whether the disclosure statement contains the following types of information, as applicable:

  i. the circumstances that gave rise to the filing of the bankruptcy petition;

  ii. an explanation of the available assets and their value;

  iii. the anticipated future of the debtor(s);

  iv. the source of the information provided in the disclosure statement;

  v. a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

  vi. the condition and performance of the debtor while in chapter 11;

  vii. information regarding claims against the estate;

  viii. a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

  ix. the accounting and valuation methods used to produce the financial information in the disclosure statement;

  x. information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

  xi. a summary of the plan of reorganization or liquidation;

  xii. an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

  xiii. the collectability of any accounts receivable;

  xiv. any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

xv.     information relevant to the risks being taken by the creditors and interest holders;

xvi.    the actual or projected value that can be obtained from avoidable transfers;

xvii.   the existence, likelihood, and possible success of non-bankruptcy litigation;

xviii.  the tax consequences of the plan; and

xix.    the relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 n.17 (Bankr. D. Me. 1997) (using a similar list). Such a list is not meant to be comprehensive and a debtor is not required to provide all the information on the list. Rather, the bankruptcy court must decide what is appropriate in each case in light of the particular facts and circumstances present. *See Ferretti*, 128 B.R. at 18–19 (adopting a similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. at 393 (making use of a similar list but cautioning that "no one list of categories will apply in every case").

14.     The Proposed Disclosure Statement provides many of the types of information identified in the applicable categories above, including, but not limited to:

i.      an overview of the Proposed Plan (§ I.C);

ii.     key events leading to the commencement of the Debtors' chapter 11 cases (§§ II, III);

iii.    the operation of the Debtors' business (§ II);

iv.     the indebtedness of the Debtors and information regarding pending claims and administrative expenses (§§ II, IV.B);

v.      a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement (§ V.D);

vi.     anticipated events during the chapter 11 cases (§ IV);

9

  vii. an overview of a liquidation analysis under chapter 7 (Ex. E);

  viii. the accounting and valuation methods used to produce the financial information in the disclosure statement (Ex. F);

  ix. risk factors affecting the Debtors (§ V);

  x. the relationship of the Debtors with their affiliates (§ II.A);

  xi. a summary of the plan of reorganization or liquidation (§ IV);

  xii. any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan (Ex. G);

  xiii. requirements for confirmation of the Proposed Plan (§ VII.B); and

  xiv. the tax consequences of the Proposed Plan (§ IX).

  15. In addition to the type of information that courts typically look for in a disclosure statement, the Proposed Disclosure Statement provides an analysis of the alternatives to confirmation and consummation of the Proposed Plan (§ VII.C), and concludes with the Debtors' recommendation that holders of Claims eligible to vote should vote to accept the Proposed Plan because it provides the highest and best recoveries to holders of Claims against the Debtors (§ X).

  16. Based on the foregoing, the Debtors submit that the Proposed Disclosure Statement contains sufficient information for a voting creditor to make an informed judgment regarding whether to vote to accept or reject the Proposed Plan. Thus, the Debtors respectfully request that the Court approve the Proposed Disclosure Statement as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

## II. The Proposed Disclosure Statement Provides Adequate Notice of Release, Exculpation, and Injunction Provisions in the Proposed Plan

  17. Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure

statement [must] describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c).

18.     The Proposed Plan includes injunctions, releases, and exculpations highlighted in bold in Articles XI.F, G, and H.  The Proposed Disclosure Statement in sections IV.G.7 and 8 describes in detail the releases provided under the Proposed Plan, the entities providing such releases, the entities being released, and the Claims and Causes of Action so released.  Additionally, section IV.G.9 of the Proposed Disclosure Statement sets forth the terms of the exculpation provision under the Proposed Plan, and section IV.G.10 sets forth the injunction related to the release and exculpation provisions in the Proposed Plan.  Each of the foregoing sections is set forth in conspicuous, bold print.  Accordingly, the Debtors respectfully submit that the Proposed Disclosure Statement complies with Bankruptcy Rule 3016(c).

**III.     Approval of the Notice of Disclosure Statement Hearing**

19.     In accordance with Bankruptcy Rules 3017(a) and 2002 and Local Rule 3017-1, in connection with the filing of this Motion, the Debtors propose to serve by Febuary 1, 2018 a notice of the hearing on approval of the Proposed Disclosure Statement (the "Disclosure Statement Notice"), in the form annexed hereto as **Exhibit 1**, by electronic transmission and/or by first class mail on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the proposed DIP Lenders and for the prepetition secured lenders; and (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions (collectively, the "Notice Parties"); and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

20.     In addition, the Debtors have provided, or will provide, at their expense, by electronic and/or first class mail, copies of the Proposed Disclosure Statement and the Proposed Plan with the Disclosure Statement Notice to: (a) the U.S. Trustee; (b) any Official Committee of Unsecured Creditors that may be appointed in this case; (c) the Securities and Exchange Commission; (d) state and local taxing authorities in jurisdiction in which the Debtors do business, (e) the United States Attorney for the District of Delaware, (f) the Internal Revenue Service, (g) all parties that request or that are required to receive notice pursuant to Bankruptcy Rule 2002; and (h) all parties who have specifically requested such documents in the manner specified in the Disclosure Statement Notice.  Copies of the Proposed Disclosure Statement and the Proposed Plan are also on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours (a fee may be charged) and are also available free-of-charge on the Debtors' claims agent's website at http://cases.primeclerk.com/patnat.

21.     The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing for all purposes and, accordingly, request that the Court approve such procedures as adequate.

**IV.     Approval of Procedures for the Filing of Objections to the Disclosure Statement**

22.     The Debtors propose the procedures described below for any parties to object or respond to the approval of the Proposed Disclosure Statement (the "Disclosure Statement Objection Procedures").

23.     The Debtors propose that objections and responses, if any, to approval of the Proposed Disclosure Statement, must: (a) be in writing; (b) conform to the applicable Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the

nature and amount of Claims or Interests held or asserted by such party against the Debtors'
estate or property; and (d) provide the basis for the objection and the specific grounds therefor.

24.     The Debtors further propose that registered users of the Bankruptcy
Court's case filing system must electronically file their objections and responses. All other
parties-in-interest must file their objections and responses in writing, together with proof of
service thereof, with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd
Floor, Wilmington, Delaware 19801.

25.     In accordance with Bankruptcy Rule 3017(a), any objection or response
also must be served upon the following parties:

*Debtors*

Patriot National, Inc.
Attn: Gex F. Richardson
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301

*Office of the United States Trustee*

Office of the United States Trustee for the
District of Delaware
Attn: Linda Casey
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, Delaware 19801
Telephone: (302) 573-6491
Facsimile: (302) 573-6497

*Proposed Counsel to the Debtors*

Hughes Hubbard & Reed LLP
Attn: Kathryn A. Coleman
        Christopher Gartman
        Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
        chris.gartman@hugheshubbard.com
        dustin.smith@hugheshubbard.com

*Proposed Co-Counsel to the Debtors*

Pachulski Stang Ziehl & Jones LLP
Attn: Laura Davis Jones
        James E. O'Neill
        Peter J. Keane
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
        joneill@pszjlaw.com
        pkeane@pszjlaw.com

DOCS_DE:217653.2 69353/002

***Counsel to Cerberus***

Schulte Roth & Zabel LLP
Attn: Adam Harris
        Taejin Kim
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
Email: Adam.Harris@srz.com
        Tae.Kim@srz.com

***Co-Counsel to Cerberus***

Landis Rath & Cobb LLP
Attn: Adam G. Landis
        Kerri K. Mumford
919 North Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
        mumford@lrclaw.com

Additionally, the Debtors propose that any objections or responses will be served upon any other entity designated by the Court (collectively with the above, the "Notice Parties") so as to be actually received by the Notice Parties no later than **March 1, 2018 at 4:00 p.m. (Eastern Time)**.

26.     Requiring objections and responses to the Proposed Disclosure Statement to be filed and served in accordance with the Disclosure Statement Objection Procedures will afford the Court, the Debtors, and other parties-in-interest sufficient time before the Disclosure Statement Hearing to consider and potentially resolve any objections and responses to the Proposed Disclosure Statement. Based upon the foregoing, the Debtors respectfully request that the Court find that the Disclosure Statement Objection Procedures comply with the requirements of Bankruptcy Rule 3017(a).

## THE SOLICITATION PROCEDURES

27.     In connection with the Proposed Disclosure Statement and Proposed Plan, the Debtors propose to implement the solicitation and balloting procedures described below. The Debtors filed or will file applications (i) for entry of an Order authorizing the Debtors to retain and employ Prime Clerk LLC ("Prime Clerk") as its claims and noticing agent and (ii) for entry of an order authorizing the Debtors to retain and employ Prime Clerk as the Debtor's

14

administrative agent under 11 U.S.C. § 327(a) to implement the solicitation and balloting procedures described below.

## I.   Parties Entitled to Vote

28.   Pursuant to the Proposed Plan, the Debtors have created nine (9) classes of Claims and Interests.  Of those classes, the Debtors submit that the following classes are impaired but entitled to receive distributions under the Proposed Plan, and thus may vote to accept or reject the Proposed Plan, subject to certain exceptions discussed below (the "Voting Classes")

| Class | Description |
|---|---|
| Class 1A | Secured First Lien Lender Claims |
| Class 1B | First Lien Lender Deficiency Claims |
| Class 4 | Continuing Vendor Claims and Continuing Retail Agent Claims |
| Class 5 | General Unsecured Claims |
| Class 6 | Subordinated Claims |

29.   To the extent that any of the following is true, a creditor who holds a claim in a Voting Class is nonetheless **not** entitled to vote to the extent that:

(a)   as of the Voting Record Date (as defined below), the outstanding amount of such creditor's Claim is zero ($0.00);

(b)   as of the Voting Record Date, such creditor's Claim has been disallowed, expunged, disqualified or suspended;

(c)   such creditor's Claim is subject to an objection or request for estimation as of the Voting Record Date, subject to the procedures set forth below.

30.   Section 1126(f) of the Bankruptcy Code provides that, for the purposes of soliciting votes on confirmation of a plan of reorganization, "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).

DOCS_DE:217653.2 69353/002

31.     The Proposed Plan does not impair certain Claims and Interests. Pursuant to section 1126 of the Bankruptcy Code, the holders of such Claims and Interests are unimpaired and, therefore, deemed to accept the Proposed Plan pursuant to section 1126(f) of the Bankruptcy Code. Moreover, certain classes are impaired and otherwise not entitled to receive a distribution under the Proposed Plan and, therefore, deemed to reject pursuant to section 1126(g) of the Bankruptcy Code (collectively, the "Non-Voting Creditors and Interest Holders").

32.     Holders of Claims or Interests in the following classes constitute Non-Voting Creditors and Interest Holders who are not entitled to vote (collectively, the "Non-Voting Classes"):

| Class | Description | Impairment | Acceptance/Rejection |
|---|---|---|---|
| Class 2 | Other Secured Claims | Unimpaired | Presumed to accept |
| Class 3 | Priority Claims | Unimpaired | Presumed to accept |
| Class 7 | Intercompany Claims | Impaired | Deemed to reject |
| Class 8 | Equity Interests | Impaired | Deemed to reject |

33.     Because Class 2 (Other Secured Claims) and Class 3 (Priority Claims) are presumed to accept the Proposed Plan, in an effort to conserve the resources of the Debtors' estates, the Debtors propose to send to holders of such Claims a notice of non-voting status, substantially in the form annexed hereto as **Exhibit 6** ("Notice of Non-Voting Status – Unimpaired Classes"), which sets forth the manner in which a copy of the Proposed Plan and Disclosure Statement may be obtained. These Classes will also receive the Confirmation Hearing Notice (defined below). The Debtors submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d). The Debtors request that the Court determine that it is not required to distribute copies of the Proposed Plan or Disclosure Statement to any holder of an unimpaired Claim unless otherwise requested.

16

34. Class 7 (Intercompany Claims) and Class 8 (Equity Interests) are not entitled to any recovery under the Proposed Plan and, therefore, are deemed to reject the Proposed Plan. Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, holders of such Claims or Interests are not entitled to vote. Therefore, the Debtors propose to send to the holders of Claims or Interests in Class 8 a notice of non-voting status, substantially in the form annexed hereto as **Exhibit 7** ("Notice of Non-Voting Status – Impaired Classes") and the Confirmation Hearing Notice. The Debtors request that the Court determine that it is not required to distribute copies of the Proposed Plan or Disclosure Statement to any holder of a Claim or Interest in Class 7 or Class 8 unless otherwise requested. Additionally, with respect to Class 7 (Intercompany Claims), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with solicitation of the Proposed Plan because such Claims are held by the Debtors' affiliates and are deemed to reject the Proposed Plan under section 1126(g) of the Bankruptcy Code.

## II.     Temporary Allowance/Disallowance of Claims

35. Pursuant to section 1126(a) of the Bankruptcy Code, the holder of an "allowed" claim may accept or reject a chapter 11 plan. A class of claims accepts a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors that voted. 11 U.S.C. § 1126(c). Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

36. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of a Claim, and without prejudice to the rights of the Debtors or the applicable creditor in any other context, the Debtors propose that

each Claim within Voting Classes be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the Schedules. The foregoing general procedure will be subject to the following exceptions:

(a)     If a Claim is deemed Allowed (as defined in the Proposed Plan), pursuant to the Proposed Plan, except to the extent set forth herein, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Proposed Plan;

(b)     If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed as set forth on the proof of Claim (or based on a reasonable review of the proof of Claim and any supporting documentation), such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 36(g) below;

(c)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is wholly liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 36(g) below;

(d)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 36(g) below;

(e)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(f)     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim has not been timely filed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(g)     If the Debtors serve an objection to, or request for estimation of, a Claim at least 10 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of

allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(h)     If the Debtors serve an objection to a Claim at least 10 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(i)     For purposes of voting, classification, and treatment under the Proposed Plan, each party that holds or has filed more than one Claim in a particular class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(j)     For purposes of voting, classification, and treatment under the Proposed Plan, Prime Clerk will not tabulate a vote cast on account of a Claim that is clearly duplicative of another voting Claim;

(k)     Notwithstanding anything contained herein to the contrary, Prime Clerk, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized, but not obligated, to so cure any defects;

(l)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(m)     If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

(n)     If a Claim is filed in a currency other than U.S. Dollars and is not allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

37.     Notwithstanding the foregoing, the claim amount of a Class 1A-1B Claim Holder for voting purposes only will be established based on the amount of the applicable portions held by such Holder, as of the Voting Record Date, as evidenced by the applicable records provided by the First Lien Agent in electronic Microsoft Excel format to the Debtors or the Claim and Noticing Agent no later than one business day following the Voting Record Date.

19

38.     The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any party seeks to challenge the allowance of a Claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on the Debtors and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the fifth day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation of such Claim, if any.  The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least one business day prior to the Voting Deadline or as otherwise directed by the Court.

39.     The Debtors also propose that creditors must vote all of their Claim(s) within the applicable Voting Class under the Proposed Plan either to accept or reject the Plan and may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan will not be counted.

40.     The Debtors further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot that is unsigned or without an original signature (*provided,*

*however,* that a Ballot submitted via the online voting portal, as described below, shall be deemed to constitute an original signature); and (v) any Ballot transmitted to Prime Clerk by facsimile, electronic transmission, or other electronic means not specifically authorized herein. Ballots that are properly completed, executed, and timely returned to Prime Clerk, but partially accept and partially reject the Plan shall not be counted. Ballots that indicate both an acceptance and rejection of the Plan or do not indicate an acceptance or rejection of the Plan shall not be counted.

41.     The foregoing procedures provide for a fair and equitable voting process and should be approved by the Court.

## III.     The Voting Record Date

42.     Bankruptcy Rule 3017(d) provides, in relevant part, that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders [must] include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).

43.     To identify and set the universe of creditors entitled to vote on the Proposed Plan, the Debtors request that the Court set **Thursday, March 8, 2018** as the date for determining which creditors are entitled to vote on the Proposed Plan (the "Voting Record Date"). With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Proposed Plan, cast a Ballot on account of such Claim only if: all actions necessary to transfer such Claim are completed by the Voting Record Date or the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the

21

validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Proposed Plan made by the holder of such Claim as of the Voting Record Date.

44. In addition, the Debtors request that the Court establish the Voting Record Date as the date for determining which creditors and interest holders in Non-Voting Classes are entitled to receive a Notice of Non-Voting Status. The Debtors believe that the Voting Record Date is appropriate, as it facilitates the determination of which creditors are entitled to vote on the Proposed Plan or, in the case of Non-Voting Creditors and Interest Holders, to receive the Notice of Non-Voting Status.

## IV.     Approval of Solicitation Packages and Procedures for Distribution Thereof

45. Bankruptcy Rule 3017(d) lists the materials that must be provided to holders of claims and interests for the purpose of soliciting votes on a chapter 11 plan and providing adequate notice of the hearing to consider confirmation thereof. Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> [u]pon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (a)     the plan or a court-approved summary of the plan;
>
> (b)     the disclosure statement approved by the court;
>
> (c)     notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (d)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

46.     The Debtors propose to mail or cause to be mailed solicitation packages (the "Solicitation Packages") containing the information described below as soon as practicable after entry of an order approving the Proposed Disclosure Statement (as approved, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, but not later than five (5) business days after the date of entry of an order approving the Disclosure Statement (the "Solicitation Date"), to the U.S. Trustee and holders of Claims in the Voting Classes, as required by Bankruptcy Rule 3017(d).

47.     In accordance with Bankruptcy Rule 3017(d), Solicitation Packages shall contain copies of:

(a)     the Proposed Order, as entered by the Court and without attachments;

(b)     the Notice of (I) Approval of Disclosure Statement (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan, in substantially the form of **Exhibit 8** to the Proposed Order (the "Confirmation Hearing Notice");

(c)     a USB flash drive containing the Disclosure Statement, which shall include the Proposed Plan as an attachment (except as provided below); and

(d)     if the recipient is entitled to vote on the Proposed Plan (as set forth herein) a Ballot (as defined below) customized for such holder (if applicable) and conforming to Official Bankruptcy Form No. B 314, in the form described below, and a postage-prepaid return envelope.[2]

48.     To reduce costs and the impact on the environment, the Debtors propose to send the Disclosure Statement and Proposed Plan in electronic format on a USB flash drive

---

2.  Official Bankruptcy Form No. B 314 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.

instead of printed hard copies. Moreover, the Proposed Plan and Disclosure Statement will be available at no charge via the internet at http://cases.primeclerk.com/patnat. However, if service by USB flash drive imposes a hardship for any creditor entitled to receive a copy of the Proposed Plan and the Disclosure Statement (*e.g.*, the creditor does not own or have access to a computer or the internet), the Debtors propose that such creditor may request a paper copy of the Proposed Plan and the Disclosure Statement by contacting Prime Clerk in writing at Patriot National Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, New York 10022 or patnatballots@primeclerk.com. Upon receipt of such request, the Debtors will provide such creditor with a paper copy of the Proposed Plan and the Disclosure Statement at no cost to the creditor within five (5) days thereafter.

49.     The Debtors will not mail Solicitation Packages to creditors that have Claims that the Debtors have determined have already been paid in full or on account of clearly duplicative Claims; *provided, however*, that if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors will send such creditor a Solicitation Package in accordance with the procedures set forth herein.

50.     The Debtors anticipate that the United States Postal Service may return some Solicitation Packages as undeliverable. The Debtors submit that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable. Therefore, the Debtors request the Court waive the strict notice rule and excuse the Debtors from mailing Solicitation Packages to addresses from which the Debtors received mailings returned as undeliverable, unless the Debtors are provided with a new mailing address sufficiently before the Voting Deadline.

51.     Although the Debtors have made, and will make, every effort to ensure that the Solicitation Packages as described herein and as approved by the Court are in final form, the Debtors nonetheless request authority to make non-substantive changes in accordance with the terms of the RSA, to which the Debtors are a party, to the Disclosure Statement, the Proposed Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing.

52.     The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures and request the Court's approval thereof.

## V.     Approval of Notices of Non-Voting Status

53.     Bankruptcy Rule 3017(d) permits a court to order that the Proposed Plan and Disclosure Statement need not be mailed to unimpaired classes.   In lieu thereof, a bankruptcy court may order that "notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, [and] notice of the time fixed for filing objections to and the hearing on confirmation" be mailed to such classes.

54.     As discussed above, the Non-Voting Classes are either (i) unimpaired and presumed to accept the Proposed Plan or (ii) impaired and deemed to reject the Proposed Plan. Accordingly, the Debtors propose to mail to holders of Class 2 (Other Secured Claims) and Class 3 (Priority Claims) the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Classes, in lieu of a Solicitation Package.  The Debtors propose to mail to holders of

Class 8 (Equity Interests) the Confirmation Hearing Notice and the Notice of Non-Voting Status – Impaired Classes, in lieu of a Solicitation Package.

55.     Each Notice of Non-Voting Status provides (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Proposed Plan, (c) notice of the holder's non-voting status, and (d) information on how to obtain copies of the Disclosure Statement and Proposed Plan.

56.     The Debtors submit that mailing the applicable Notice of Non-Voting Status and Confirmation Hearing Notice to Non-Voting Classes satisfies the requirements of Bankruptcy Rule 3017(d).     Accordingly, the Debtors request that the Court direct that the Solicitation Package need not be mailed to Non-Voting Creditors and Interest Holders. Additionally, with respect to Class 7 (Intercompany Claims), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with solicitation of the Proposed Plan because such Claims are held by the Debtors' affiliates and are deemed to reject the Proposed Plan under section 1126(g) of the Bankruptcy Code.

## VI.     <u>The Voting Deadline</u>

57.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan. . . ." Fed. R. Bankr. P. 3017(c). The Debtors anticipate completing substantially all mailing of the Solicitation Packages by the Solicitation Date.  Based on such schedule, the Debtors propose that, to be counted as a vote to accept or reject the Proposed Plan, each Ballot must be properly executed, completed, and delivered to Prime Clerk: (a) by first class mail (whether in the return envelope provided with each Ballot or otherwise); (b) by overnight courier; (c)  by hand delivery or (d) via Prime Clerk's online balloting portal so that it is actually received by Prime Clerk no later than **Friday, April 13, 2018 at 4:00 p.m. (Eastern**

26

**Time)** (the "Voting Deadline"). The Debtors submit that the proposed thirty (30) day solicitation period is a sufficient period within which creditors can make an informed decision whether to accept or reject the Proposed Plan.

58.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Prime Clerk. Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature). If applicable, instructions for electronic, online transmission of Ballots will be set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

## CONFIRMATION

### I.     The Confirmation Hearing

59.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall . . . fix a date for the hearing on confirmation" of a chapter 11 plan. Fed. R. Bankr. P. 3017(c). Pursuant to Bankruptcy Rule 2002(b), creditors must receive at least twenty-eight (28) days' notice of a confirmation hearing. In accordance with these rules, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Proposed Plan (the "Confirmation Hearing") be scheduled for **Tuesday, April 24, 2018 at 10:00 a.m. (Eastern Time)**, or on such date and time as is convenient to the Court. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than

adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The Debtors request that the Court find that the proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules, and will enable the Debtors to pursue confirmation of the Proposed Plan in a timely fashion.

## II.     Objection Procedures

60.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rule 2002(b) provides that parties must receive at least twenty-eight (28) days' notice of the deadline for filing objections to confirmation. Accordingly, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors propose **Friday, April 13, 2018 at 4:00 p.m. (Eastern Time)** as the deadline to object or respond to confirmation of the Proposed Plan (the "Plan Confirmation Objection Deadline").

61.     The Debtors request that objections and responses, if any, to confirmation of the Proposed Plan: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; and (d) provide the basis for the objection and the specific grounds thereof.

62.     The Debtors further request that registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

63.     Any objection or response also must be served upon and received by the Notice Parties no later than the Plan Confirmation Objection Deadline. Pursuant to Bankruptcy

28

Rule 3020(b), "[i]f no objection is timely filed, the [C]ourt may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues." Fed. R. Bankr. P. 3020(b)(2).

64. The Debtors submit that, if there are objections to confirmation, they will assist the Court and may expedite the Confirmation Hearing if the Debtors reply to any such objections. Accordingly, the Debtors request that they be authorized to file and serve an omnibus reply (the "Omnibus Reply") to any such objections in accordance with Local Rule 9006-1(d) and that the Court set **Friday, April 20, 2018 at 4:00 p.m. (Eastern Time)** as the deadline for filing and service of replies or an Omnibus Reply to any objections to confirmation of the Proposed Plan.

65. The Debtors also request that the Court establish **Friday, April 20, 2018 at 4:00 p.m. (Eastern Time)** as the deadline for the Debtors to file its brief in support of confirmation of the Proposed Plan (the "Confirmation Brief").

66. The Debtors respectfully request that the Court approve the procedures for filing objections to the Proposed Plan and replies thereto and find that such procedures comply with Bankruptcy Rules 2002, 3017, and 3020.

### III.     Confirmation Hearing Notice

67. Pursuant to Bankruptcy Rule 3017(d), notice of a plan confirmation objection deadline and hearing must be provided to all creditors and equity security holders in accordance with Bankruptcy Rule 2002. Bankruptcy Rules 2002(b) and (d) require notice to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider confirmation of a plan.

68. In accordance with the foregoing, by **no later than the Solicitation Date**, the Debtors propose to provide a copy of the Confirmation Hearing Notice setting forth (a) the

Voting Deadline, (b) the Plan Objection Deadline and procedures for filing objections and responses to confirmation of the Proposed Plan, and (c) the time, date, and place for the Confirmation Hearing, with service provided by electronic and/or first class mail on the Notice Parties.

69. The Debtors submit that the foregoing notice procedures comply with all notice requirements under Bankruptcy Rules 3017(d) and 2002(b) and (d). Accordingly, the Debtors request that the Court find that such notice is due and proper and no further notice is necessary.

## NOTICE

70. Notice of this Motion shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the proposed DIP Lenders and for the prepetition secured lenders; and (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

71. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

DOCS_DE:217653.2 69353/002

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as it may deem just and proper.

Dated: January 30, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Laura Davis Jones_

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
       joneill@pszjlaw.com
       pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Dustin P. Smith
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
       chris.gartman@hugheshubbard.com
       dustin.smith@hugheshubbard.com

*Proposed Counsel for the Debtors*