# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No. 18-10189 (KG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 3** |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT

Upon the application (the "Application")[2] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for retention and appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's office; and upon the Weiner Declaration submitted in support of the Application; and the Debtors having estimated that there

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

are in excess of 1,000 creditors in the Chapter 11 Cases, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court being satisfied that Prime Clerk has the capability and experience to provide such services and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

    2.    The Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent effective nunc pro tunc to the Petition Date under the terms of the Engagement

Agreement, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and all related tasks, all as described in the Application.

3. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Prime Clerk is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for the administrative agent for the proposed debtor-in-possession financing facility and for the

DOCS_DE:217640.3 69353/002

prepetition secured lenders, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; <u>provided</u> that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

10. Prime Clerk may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Prime Clerk may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. Prime Clerk shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach

of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution or reimbursement.

15. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16. In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk and the Debtors' attorney and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Prime Clerk but is not specifically authorized by this Order.

18. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

21. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

22. Prime Clerk shall not cease providing claims processing services during the Chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

DOCS_DE:217640.3 69353/002

23. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

Dated: February 1, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

7