IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**PATRIOT NATIONAL, INC., *et al.*,**[1]<br><br>**Debtors.** | Chapter 11<br><br>Case No. 18-10189 (KG)<br><br>(Jointly Administered)<br><br>Re: D.I. 8 |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS; (B) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND ELECTRONIC TRANSFERS; AND <u>(C) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") seeking entry of interim and final orders: (a) authorizing the Debtors to pay prepetition claims of certain Critical Vendors, in an amount not to exceed the Critical Vendor Claims Cap; (b) authorizing financial institutions to honor and process related checks and transfers; and (c) granting any additional relief as is necessary to effectuate the foregoing; and upon the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion and business judgment, to pay all or a portion of and discharge each Critical Vendor Claim, provided that the aggregate payments on account of Critical Vendor Claims shall not exceed $2,000,000 on an interim basis, absent further order of the Court.

3. The form of Critical Vendor Agreement attached as **Exhibit A** to the Motion is approved in its entirety, and the Debtors are authorized to negotiate, modify, or amend the form of Critical Vendor Agreement in their reasonable business judgment.

4. The Debtors are authorized but not directed to condition payment of the Critical Vendor Claims on the execution of a Critical Vendor Agreement, and the Debtors are authorized to enter into such Critical Vendor Agreements when and if the Debtors determine, in the exercise of their business judgment, that doing so is appropriate.

5. If a Critical Vendor accepts payment, and does not continue its business relationship with the Debtors in accordance with trade terms consistent with those practices most favorable to the Debtors in place during the 12 months before the Petition Date (or as otherwise set forth in an Critical Vendor Agreement) the Debtors may take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor.

6. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for the Critical Vendor Claims that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order; provided that sufficient funds are on deposit in the applicable bank accounts to cover such payments.

7. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

8. Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv)

a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

9. Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. A final hearing to consider the relief requested in the Motion shall be held on February 28, 2018 at 10:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served so as to be actually received on or prior to February 21, 2018 at 4:00 p.m. (Prevailing Eastern Time). If no objections are filed to the Motion, the Court may enter the final order without further notice or hearing.

14. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: __FEBRUARY 1__, 2018
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE