IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 10 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION TAXES AND REGULATORY FEES IN THE
ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING BANKS
AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS
AND TRANSFERS RELATED THERETO**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order (the "Order"), pursuant to sections 105(a), 506(a), 507(a)(8), 541 and 1129 of title 11 of the Bankruptcy Code, (i) authorizing the Debtors to pay certain prepetition taxes and regulatory fees in the ordinary course of business, and (ii) authorizing banks and financial institutions to honor and process checks and transfers related thereto; and upon consideration of the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

DOCS_DE:217641.3 69353/002

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and hearing to consider the relief requested therein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the interim relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and remit amounts owed on account of Taxes and Fees in the ordinary course of business without regard to whether the Taxes or Fees accrued or arose before or after the Petition Date, in an aggregate amount not to exceed $759,561 absent further order of this Court; provided, however, that no past-due Taxes shall be paid prior to entry of a final order on the Motion.

3. All banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks presented for payment and electronic transfer requests

made by the Debtors related to the payment of the obligations described in the Motion and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date, to the extent funds are available in the Debtors' accounts. All such banks and financial institutions are further directed to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Order.

4. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

5. Notwithstanding the relief granted in this Order, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

6. Nothing in the Motion or in this Order shall be construed as impairing the Debtors' right to contest the validity, priority or amount of any Taxes or Fees that may be due to any of the Authorities.

7. The requirements of Bankruptcy Rule 6003(b) and Local Rule 9013-1(m) are satisfied by the contents of the Motion.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

11. A final hearing to consider the relief requested in the Motion shall be held on ~~February 28, 10:a.m.~~ (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served so as to be actually received on or prior to ~~February 21, 2018~~ at 4:00 p.m. (Prevailing Eastern Time).

Dated: ~~February 1~~, 2018
Wilmington, Delaware

~~/s/ Kevin Gross~~
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4