# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No. 18-10189 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 11 |

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of the Interim Order and the Final Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); Trigen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' business address is 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] Capitalized terms used, but not defined, herein shall have those meanings ascribed to them in the Motion.

not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

        IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on an interim basis as set forth herein.

2.     <u>Payment of Post-Petition Date Utility Charges</u>.  The Debtors are authorized to and shall pay, in accordance with their pre-Petition Date practices, all post-Petition Date utility charges for all utility services rendered by the Utility Providers to the Debtors.

3.     <u>Adequate Assurance of Future Payment</u>.  The Proposed Adequate Assurance is hereby approved on an interim basis and until such time as the Final Order is entered by the Court, the Debtors are deemed to have furnished the Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code for post-Petition Date

utility services by depositing cash in an amount equal to the approximate aggregate cost of 50% of the average monthly total for utility service from the Utility Providers calculated from a historical average for the three months prior to the Petition Date, or approximately $50,750 (the "Adequate Assurance Deposits") into the Utility Account within ten (10) business days after the date of entry of this Interim Order; provided, however, that, the Debtors, in their sole discretion and without further application to or order of the Court, may reduce the Utility Account upon termination of utility services from a particular Utility Provider in an amount equal to 50% of the average monthly total for utility service from such Utility Provider calculated from a historical average for the three months prior to the Petition Date provided that the Debtors have provided twenty (20) days' prior written notice to a Utility of their intent to reduce the Utility Account and no objection to such proposed reduction has been received by the Debtors within such twenty (20) day period.[3] Upon the effective date of any plan of reorganization or liquidation of the Debtors, unless otherwise provided in such plan of reorganization or liquidation or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

4. Except to the extent of any reversionary interest, the Utility Account shall not be subject to the liens held by the Prepetition Secured Lenders or the DIP Lenders (as those terms are defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors and Debtors-in-Possession to Obtain Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate*

---

[3] In the event that the Debtors have multiple utility services accounts with a particular Utility Provider, the Debtors' reduction of the Utility Deposit upon termination of utility services from a particular Utility Provider will be based on those utility services accounts actually terminated.

*Protection to Prepetition Secured Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief).*

5. <u>Prohibition</u>. Subject to the Adequate Assurance Procedures, until such time as the Final Order is entered by the Court, all Utility Providers who have received notice of this Order are prohibited from (a) discontinuing, altering or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion.

6. <u>Adequate Assurance Procedures</u>. The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

    (a)    Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

    (b)    The Debtors will serve copies of the Interim Order and the Final Order, as applicable, via first-class mail, within three (3) business days after the date that the Interim Order and the Final Order, as applicable, is entered by the Court on all Utility Providers identified on the Utility Provider List. For the avoidance of doubt, the Motion will be served with the Interim Order. In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Provider upon learning of such omission.

    (c)    Any Utility Provider that believes it requires additional adequate assurance must serve a request (an "<u>Adequate Assurance Request</u>") upon Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq.) and Hughes Hubbard & Reed LLP, One Battery

4

Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Christopher Gartman, Esq.).

(d) Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Provider's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e) Upon the Debtors' receipt of any Adequate Assurance Request at the address set forth above, the Debtors shall have until twenty-one (21) days from the receipt of such Adequate Assurance Request or such other date as the parties mutually agree (the "Resolution Period") to negotiate with a Utility Provider and advise the Utility Provider that the Adequate Assurance Request is acceptable.

(f) The Debtors may, in their discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable and to the extent authorized pursuant to any orders authorizing postpetition financing and the use of cash collateral and the applicable budget thereunder.

(g) If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will schedule a hearing at the next available omnibus hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h)   Pending resolution of an Adequate Assurance Request at any such Determination Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(i)   Unless and until a Utility Provider serves an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, such Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of section 366(c)(2) of the Bankruptcy Code.

7.   <u>Modifications to the Utility Provider List</u>.  To the extent that the Debtors identify additional Utility Providers not included on the Utility Provider List, the Debtors will promptly (a) file a supplement to the Utility Provider List adding the name of the newly-identified Utility Providers and (b) serve copies of the Motion, the Interim Order and the Final Order, as applicable, on such Utility Providers.  This Order shall be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Provider List, subject to any further order(s) of the Court. [handwritten: To the extent that the Debtors add a Utility Provider to the Utility Provider List, the Debtors will increase the amount of the Adequate Assurance Deposit by the amount of the aggregate approximate cost of services by such Utility Provider calculated based on the prior three month average cost associated with such Utility Provider]

8.   Any Utility Provider subsequently added to the Utility Provider List that believes it requires additional adequate assurance must (a) serve an Adequate Assurance Request in accordance with the Adequate Assurance Procedures and (b) otherwise comply with the Adequate Assurance Procedures.

9.   <u>Failure to Submit Adequate Assurance Request</u>.  Any Utility Provider that fails to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures shall be deemed to have received adequate assurance of future payment during the pendency of these Chapter 11 Cases.

10. <u>Service of Order</u>. The Debtors will serve copies of the Interim Order via first-class mail, within three (3) business days after the date that this Interim Order is entered by the Court on all Utility Providers identified on the Utility Provider List.

11. <u>Burden of Proof</u>. Nothing in this Interim Order shall be deemed to affect any burden of proof that either any Debtor or any Utility Provider may have in a Determination Hearing.

12. <u>No Admission or Waiver</u>. Nothing in the Motion or in this Interim Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (c) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. <u>Objection Deadline and Final Hearing</u>. The deadline by which Utility Providers must file and serve objections, if any, to the Motion is _FEBRUARY 21_, 2018 at _4:00_. (ET). If no objections to the Motion are filed, the Court may enter the Final Order without further notice or hearing. The Final Hearing, if required, will be held on _FEBRUARY 28_, 2018 at _10:00 a_.m. (ET).

14. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Interim Order.

15. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

16. Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this

7

Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

Dated: February 1, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE