# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Hearing Date: February 28, 2018 at 10:00 a.m. (ET) <br> Objection Deadline: February 21, 2018 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROOF OF CLAIM FORM, BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES, (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING 503(b)(9) CLAIMS, AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion"), pursuant to section 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order: (i) establishing the general bar date by which certain creditors (including, without limitation, general unsecured creditors and creditors holding claims under section 503(b)(9) of the Bankruptcy Code) and certain interest

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

holders must file proofs of claim in these Chapter 11 Cases (the "General Bar Date");[2] (ii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court as the bar date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed (the "Rejection Bar Date"); (iii) establishing a bar date by which creditors holding claims which have been amended by the Debtors in their Schedules (as defined below) as the later of the General Bar Date and twenty-one (21) days after the date that notice of the amendment is served on the affected claimant (the "Amended Schedule Bar Date" and collectively, with the General Bar Date, and the Rejection Bar Date, the "Bar Dates"); (iv) approving tailored proof of claim forms to be distributed to potential creditors; (v) approving the forms of notice to be used to inform potential creditors of the Bar Dates; (vi) approving mailing and publication procedures with respect to notice of the Bar Dates; and (vii) providing certain supplemental relief. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated as February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

---

2. For purposes of this Motion, the Bar Dates (as defined herein) requested herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court, which shall be governed by the plan of reorganization confirmed in these Chapter 11 Cases.

2

judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule bases for the relief requested herein are section 501 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e) and 3003-1.

## BACKGROUND

3. On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*, filed on January 30, 2018 (Docket No. 4) (the "Feltman Declaration"), and incorporated herein by reference.

5. The Debtors presently intend to file their respective schedules of assets and liabilities and statements of financial affairs on or before February 26, 2018.

6. On February 1, 2018, the Court entered the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* (D.I. 47), thereby appointing Prime Clerk, LLC ("Prime Clerk") to serve as the authorized claims agent for the Court. In that capacity, Prime Clerk is responsible for, among other things, mailing the Bar Date Notice Packages as indicated herein.

3

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order (the "Bar Date Order") (a) fixing **4:00 p.m. (prevailing Eastern Time) on April 23, 2018** as the "General Bar Date" by which proofs of claim against the Debtors must be filed, (b) fixing **4:00 p.m. (prevailing Eastern Time) on July 30, 2018** as the "Governmental Bar Date" by which proofs of claim against the Debtors must be filed by governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), including but not limited to taxing authorities;[3] (c) fixing the Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed as the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (d) fixing the Amended Schedule Bar Date as the later of the General Bar Date and twenty-one (21) days after the date that notice of the amendment is served on the affected claimant, (e) approving a tailored proof of claim form to be distributed to creditors, (f) approving the Debtors' proposed notice of the Bar Dates (the "Bar Date Notice"), (g) approving mailing and publication procedures with respect to the Bar Date Notice Package (as defined herein), and (h) providing certain supplemental relief.

## BASIS FOR RELIEF

### I. Establishment of Bar Dates

8. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." The Debtors now seek to establish

---

3. Pursuant to section 502(b)(9) of the Bankruptcy Code, a claim by a governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) may be timely filed up to 180 days after the applicable Petition Date.

certain Bar Dates to determine what claims are asserted against the Debtors. Fixing these Bar Dates will provide certainty to all parties in interest and will enable the Debtors to proceed with timely and effective noticing of the Bar Dates.

*General Bar Date and Governmental Bar Date*

9. As set forth in the proposed Bar Date Order, submitted herewith and attached hereto as **Exhibit "D"**, the Debtors request that any entity ("Entity")[4] that asserts a claim against the Debtors that *arose prior to, or is deemed to have arisen as of, the Petition Date* (such claim a "Prepetition Claim") be required to file an original signed form evidencing written proof of such Prepetition Claim, substantially in the form of the Claim Form (as defined below) or Official Form No. 410, so as to be received on or before the General Bar Date or the Governmental Bar Date, as applicable, by either mail; delivery by hand, courier, or overnight service; or by electronically filing the claim form on the website maintained for these cases by Prime Clerk LLC ("Prime Clerk") at: (i) **if via First Class Mail, Hand Delivery or Overnight Courier, send to:** Patriot National, Inc. Claims Processing Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; and (ii) **if via Electronic Filing, by accessing the E-filing Claims link at:** https://cases.primeclerk.com/PatNat/EPOC-Index (collectively, the "Claims Docketing Center").

10. The Bar Date Order provides that the Claims Docketing Center will **not** accept Claim Forms sent by facsimile, telecopy, or electronic means other than outlined above, and the Debtors request that the Court order that all proofs of claim be deemed timely filed only if the original Claim Form is actually received by the Claims Docketing Center on or before the General Bar Date.

---

4. "Entity," as used herein, has the meaning ascribed to it in section 101(15) of the Bankruptcy Code.

11. Except as provided below, the General Bar Date and the Governmental Bar Date, as applicable, would apply to all Entities holding Prepetition Claims (whether secured, unsecured priority, or unsecured nonpriority), including, but not limited to, the following:

    (a) Creditors whose Prepetition Claims arise out of the rejection of executory contracts or unexpired leases by the Debtors prior to the entry of the Bar Date Order;

    (b) Governmental units ("Governmental Units")[5] holding Prepetition Claims, whether arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a party;

    (c) Entities whose Prepetition Claims arise out of the obligations of such Entities under a contract for the provision of liability insurance to a Debtor; and

    (d) Creditors who hold a 503(b)(9) Claim, except as set forth in Paragraph 12 below.[6]

12. The General Bar Date would apply to all Prepetition Claims asserted by such Entities, except that the following Entities would not need to file proofs of claim:

    (a) any Entity that has already properly filed with the Claims Docketing Center a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

    (b) any Entity whose Prepetition Claim or 503(b)(9) Claim is listed in the Debtors' schedules of assets and liabilities (the "Schedules"), **and** is not designated as "disputed," "contingent," or "unliquidated," **and** with respect to which the entity agrees with the nature, classification and amount that such Prepetition Claim or 503(b)(9) Claim is identified in the Schedules, **and** with respect to which the entity agrees that its Prepetition Claim or 503(b)(9) Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim or 503(b)(9) Claim in its Schedules;

---

5. "Governmental Unit," as used herein, has the meaning ascribed to it in section 101(27) of the Bankruptcy Code.

6. Creditors who have filed a timely motion for relief with the Court prior to the General Bar Date shall be deemed to have timely filed their 503(b)(9) Claim.

(c) any Entity whose Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim or 503(b)(9) Claim listed in the Debtors' Schedules) previously has been allowed by, or paid pursuant to, an order of this Court;

(d) any of the Debtors that hold Prepetition Claims or 503(b)(9) Claims against one or more of the other Debtors;

(e) any current or former equity security holder[7] that seeks to assert <u>only</u> stock ownership interests;[8] and

(f) the administrative agent and lenders under the Debtors' (i) debtor-in-possession credit facility (in such capacity, the "<u>DIP Agent</u>" and the "<u>DIP Lenders</u>", respectively) and (ii) prepetition secured credit facility (in such capacity, collectively, the "<u>Prepetition Secured Parties</u>").

13. The Debtors also propose that, subject to the provisions proposed below, any Entity whose Prepetition Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed, contingent, or unliquidated, and that desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases and any Entity that believes its Prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Prepetition Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

*Rejection Bar Date*

14. The Debtors anticipate that certain Entities may assert Prepetition Claims in connection with a Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, for any Prepetition Claim

---

7. The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

8. Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

7

relating to a Debtor's rejection of an executory contract or unexpired lease (a "<u>Rejection Damages Claim</u>") that becomes effective after entry of the Bar Date Order, the Rejection Bar Date for such Rejection Damages Claim shall be the later of (a) the General Bar Date or (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

15. The Debtors request that Entities wishing to assert a Rejection Damages Claim be required to file an original, written request for payment of any such Rejection Damages Claim substantially in the form of the Claim Form (as defined below) so as to be received on or before the Rejection Bar Date by either mail; delivery by hand, courier, or overnight service; or by electronic filing at the appropriate address identified above for the Claims Docketing Center.

*Amended Schedule Bar Date*

16. The Debtors propose further that they shall retain the right to: (a) dispute or assert offsets or defenses against any filed Prepetition Claim or any Prepetition Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) add a claim to the Schedules; *provided, however,* that if the Debtors amend the Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a Prepetition Claim reflected therein and/or add a claim to the Schedules, then the affected claimant shall have until the Amended Schedule Bar Date (i.e. the later of the General Bar Date and twenty-one (21) days after the date that notice of the amendment is served on the affected claimant) to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Prepetition Claim or added claim. Notwithstanding the

8

foregoing, nothing set forth herein would preclude the Debtors from objecting to any Prepetition Claim, whether scheduled or filed, on any grounds.

*503(b)(9) Claims Procedures*

17. Section 503(b)(9) of the Bankruptcy Code provides that sellers of goods may request allowance of an administrative expense claim for the value of goods received by a debtor in the ordinary course of business within 20 days before the commencement of a case. *See* 11 U.S.C. § 503(b)(9). Uniform procedures (the "503(b)(9) Claims Procedures") for claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claims") will help the Debtors understand the full universe of claims and promote efficiency, as the Debtors expect that most vendors that delivered goods to the Debtors during the 20 days prior to the applicable Petition Date (the "503(b)(9) Claimants") will make 503(b)(9) Claims. Therefore, the Debtors request that the Court establish the Bar Dates and 503(b)(9) Claims Procedures set forth below.

18. The Debtors propose the following procedures for filing 503(b)(9) Claims:

(a) 503(b)(9) Claimants may use the proof of claim form tailored to these cases (the "Claim Form"), attached hereto as **Exhibit "A"**,[9] to indicate that a 503(b)(9) Claim is being asserted. As set forth in the Claim Form, each 503(b)(9) Claim against the Debtors must include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; and (iii) documentation, including invoices, receipts, bills of lading and the like, identifying (A) the particular goods for which the claim is being asserted, (B) the date(s) of delivery of the goods the 503(b)(9) Claimant contends the Debtor received within 20 days before the Petition Date, and (C) an identification of which

---

9. A proof of claim under Rule 3001 must "conform substantially to the appropriate Official Form." Official Form 410 provides: "Do not use this form to make a request for payment of an administrative expense." However, the form can be used to file a claim for an administrative expense arising before the commencement of a case, and that is precisely the nature of section 503(b)(9) claims. The Claim Form is modeled on Official Form 410, modified as appropriate to address information specific to section 503(b)(9) claims, and is being made available at this time in order to allow section 503(b)(9) claimants to commence filing proofs of claims without having to wait for a bar date to be set. A copy of the Claim Form will be made available on the website of the Debtors' claims and noticing agent, Prime Clerk, at https://cases.primeclerk.com/PatNat/EPOC-Index.

goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code;

(b) All of this required information should be sent to Prime Clerk, substantially in the form of the Claim Form so as to be received on or before the General Bar Date by either mail; delivery by hand, courier, or overnight service; or electronic filing at the appropriate address identified above for the Claims Docketing Center;

(c) To the extent any 503(b)(9) Claims are allowed pursuant to these 503(b)(9) Claims Procedures and are entitled to administrative priority pursuant to the Bankruptcy Code, the claim shall be paid pursuant to and set forth in such plan of reorganization as shall be confirmed by the Court;

(d) Nothing in these 503(b)(9) Claims Procedures shall affect the rights and remedies and/or defenses of the Debtors, claimants or any other party-in-interest with regard to avoidance of any claim or obligation.

## II. Effect of Failure to File by Applicable Bar Date

19. Pursuant to Bankruptcy Rule 3003(c)(2), any Entity that is required to file a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the order approving this Motion and the relief requested herein with respect to a particular claim against a Debtor, but that fails to do so in accordance with the Bar Date Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' Chapter 11 Cases on account of such Prepetition Claim or 503(b)(9) Claim.

## III. Tailored Claim Form

20. The Debtors have prepared, the Claim Form — a proof of claim form tailored to these cases — a copy of which is annexed as **Exhibit "A"**. The proposed Claim Form is based on Official Form No. 410. The substantive modifications to the Official Form proposed by the Debtors include providing additional instructions on both the front and back of the form and the addition of a line for 503(b)(9) Claims. The Debtors request that the Court approve the

10

Claim Form and the substantive modifications to Official Form No. 410 in a form substantially conforming to the Claim Form.

21. In accordance with the Proposed Bar Date Order, the Debtors request that the Court order that each proof of claim filed for a Prepetition Claim and/or a 503(b)(9) Claim must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the Claim Form provided or Official Form No. 410, as applicable, (d) attach copies of any writings upon which the claim is based, and (e) when asserting a 503(b)(9) Claims shall also comply with the 503(b)(9) Claims Procedures.

### IV. Actual Notice of Bar Dates

*Actual Notice of the General Bar Date and the Rejection Bar Date*

22. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide actual notice of the Bar Dates by mailing (a) a notice of the Bar Dates (the "Bar Date Notice") in substantially the form attached hereto as **Exhibit "B"**; and (b) the Claim Form (collectively with the Bar Date Notice, the "Bar Date Notice Package") to:

    (a)    the U.S. Trustee;

    (b)    all holders of Prepetition Claims or 503(b)(9) Claims listed on the Schedules at the addresses stated therein;

    (c)    all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    (d)    all known current or former record holders of equity securities of a Debtor;

    (e)    all current and former employees of the Debtors that left the employ of the Debtors on or after the Petition Date;

    (f)    all taxing authorities for locations in which the Debtors do business;

    (g)    all known lienholders;

(h)    all known parties to litigation in which the Debtors are involved;

(i)    all providers of utility services to the Debtors;

(j)    all insurance providers;

(k)    all of the Debtors' ordinary course professionals;

(l)    the Debtors' banks;

(m)    the Debtors' pre- and postpetition secured lenders;

(n)    all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of the Bar Date Order;

(o)    all parties that have filed proofs of claim in these Cases as of the date of entry of the Bar Date Order; and

(p)    all parties included on the creditor matrix filed in these cases.

(collectively, the "Bar Date Notice Parties").

23.    The Debtors further reserve the right, out of an abundance of caution, to serve the Bar Date Notice to certain Entities not described above with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

24.    The proposed Bar Date Notice Package includes the proposed Bar Date Notice that notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, the procedures for filing a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, and the consequences of failure to timely file a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim.

25.    The Debtors request that the Court approve the form and use of the Bar Date Notice Package.

*Actual Notice of Amended Schedule Bar Date, As Necessary*

26. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a Prepetition Claim or to add a claim, the Debtors will provide notice to the affected claimant of any such amended or added claim, which will include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

27. The Debtors request that the Court approve this method of notice of the Amended Schedule Bar Date.

### V. Timing of Proposed Notice by Mail

28. Based upon the number of Entities to whom the Debtors propose to provide notice, including all creditors and current and former record equity security holders who are entitled to receive notice, the Debtors, pursuant to Bankruptcy Rule 2002(a)(7) and Local Rule 2002-1(e), intend to mail the Bar Date Notice Package to all known creditors within five (5) business days of the entry of the Bar Date Order. With the General Bar Date fixed at **4:00 p.m. (prevailing Eastern Time) on April 23, 2018**, all potential claimants should have approximately forty-five (45) days' notice of such Bar Dates. Such notice period is well in excess of the twenty-one (21) day notice period required under Bankruptcy Rule 2002(a)(7) and will provide creditors ample time within which to prepare and file proofs of claim for Prepetition Claims and/or a 503(b)(9) Claims, if necessary.

*Supplemental Mailings*

29. After the initial mailing occurs as provided for above, the Debtors anticipate that they may be required to make supplemental mailings of the Bar Date Notice Package in a number of situations including in the event that: (a) Bar Date Notice Packages are

13

returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity security holders) decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "Special Bar Date Parties"). Therefore, the Debtors request the right to make supplemental mailings of the Bar Date Notice Package up to twenty-four (24) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

30. While the Debtors anticipate there may be a need to establish one or more later special bar dates and request the right to do so below, the Debtors believe that the proposed supplemental mailing of the Bar Date Notice Package will serve to preserve the integrity of the Bar Dates, will reduce the number of special bar dates that may need to be established, will permit the claims process to be completed expeditiously, and will ease the administrative burden of these cases.

*Establishment of Special Bar Dates*

31. To minimize the time and expense associated with having to seek subsequent orders from this Court, the Debtors request that they be permitted to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to twenty-four (24) days in advance of an applicable Bar Date. With respect to the Special Bar Date Parties, the Debtors request the right to establish special bar dates at least twenty-one (21) days after the date on which the Debtors mail the notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date

14

provisions).

32. The Debtors submit that twenty-one (21) days' notice of each special bar date is appropriate because any such special bar dates will be established later in these cases and must be structured so as not to delay the progress of these cases, and because such special bar dates will be applicable to parties who will be receiving notice directly, presumably within three (3) days of mailing, rather than through intermediate channels that may delay ultimate receipt. Moreover, the Debtors anticipate establishing special bar dates on a very limited basis, and only if necessary to ensure adequate bar date noticing and discharge protection, to the extent applicable. The vast majority of parties in interest will be subject to the Bar Dates and will receive approximately forty-five (45) days' notice.

33. The Debtors propose to advise this Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with this Court, such notice will be served upon the U.S. Trustee. A certificate of service will be subsequently filed to evidence the mailing of each special bar date notice to the parties subject thereto.

34. Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. However, as to any of such specifically identified parties who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, govern. Moreover, the Bar Dates will remain effective, and it is the Debtors' intention that they be fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with

15

respect to unknown parties who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

## VI. Assistance of Claims Agent

35. To facilitate and coordinate the claims reconciliation and bar date notice functions, the Bar Date Notice Package or the Bar Date Notice only, as appropriate, will be mailed by Prime Clerk. This will ensure that the appropriate parties will receive the Bar Date Notice Package, which will include (a) the Bar Date Notice, and (b) a Claim Form.

36. To the extent that Prime Clerk requires any assistance with the preparation and mailing, including, for example, ensuring proper distribution of the Bar Date Notice Package to equity security holders, the Debtors request that Prime Clerk be authorized to employ and pay necessary service providers subject to prior approval from the Debtors and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. The Debtors further request that Prime Clerk be authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

## VII. Filing Proofs of Claim against Multiple Debtors

37. The Debtors propose that all Entities asserting claims against more than one Debtor be required to file a separate proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, with respect to each such Debtor. If Entities are permitted to assert claims against more than one Debtor in a single proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, Prime Clerk may have difficulty maintaining separate claim registers for each Debtor, and all named Debtors will be required to object to a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, that may be applicable to only one of the named Debtors. Likewise, Entities should be required to identify on each proof

16

DOCS_DE:217814.1 69353/002

of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, the particular Debtor against which their claim is asserted. Requiring Entities to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim for Prepetition Claims and/or a 503(b)(9) Claims in these cases. This requirement will not be unduly burdensome on claimants since such Entities will know or should know the identity of the Debtor against which they are asserting a claim.

### VIII. Publication of Notice

38. The extensive nature of the Debtors' businesses creates the potential for the existence of claims against the Debtors of which the Debtors are unaware. Such unknown potential claims may include, for example, claims of trade vendors who failed to submit an invoice to the Debtors, claims of former employees, and claims that, for various reasons, are not recorded on the Debtors' books and records. Accordingly, the Debtors believe that it is necessary to provide notice of the Bar Dates to Entities whose names and addresses are unknown to the Debtors and, in addition, that it is advisable to provide supplemental notice to known holders of claims. Therefore, pursuant to Bankruptcy Rule 2002(l),[10] the Debtors request authority to publish notice of the Bar Dates substantially in the form annexed as **Exhibit "C"** hereto (the "Publication Notice") in the national edition of *USA Today* and the South Florida *Sun-Sentinel* as soon as practicable following entry of the Bar Date Order, but in any event no later than twenty-four (24) days prior to the General Bar Date.

39. The Publication Notice will include a telephone number that potential creditors may call and an internet website that they may visit to obtain copies of the Claim Form

---

10. Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

17

and information concerning the procedures for filing proofs of claim for a Prepetition Claim and/or a 503(b)(9) Claim.

40. The Debtors request that the Court find that the Debtors' proposed procedures regarding the Publication Notice will provide good, adequate, and sufficient publication notice of the Bar Dates.

## NOTICE

41. Notice of the hearing of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP Lenders and for the prepetition secured lenders; (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions; and (iv) all the parties that have requested notice in this proceeding pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

42. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit "D"**: (i) approving (a) the Bar Dates; (b) the Claim Form; and (c) the form and manner of provision of the Bar Date Notice Package and the Publication Notice and (ii) granting such other and further relief as the Court may deem proper.

Dated: February 7, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Jacob Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com
      jacob.gartman@hugheshubbard.com

*Proposed Counsel for the Debtors*