# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br> **Debtors.** | Chapter 11 <br> Case No. 18-10189 (KG) <br> (Jointly Administered) <br> Hearing Date: February 28, 2018 at 10:00 a.m. (ET) <br> Objection Deadline: February 21, 2018 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014-1 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby move (the "Motion"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order") authorizing the Debtors to employ professionals used in the ordinary course of business *nunc pro tunc* to the Petition Date (as defined below). The Debtors respectfully submit as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule bases for the relief requested herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*, filed on January 30, 2018 (D.I. 4) and which is incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Debtors respectfully request entry of the Proposed Order, pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, (a) establishing certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals") effective as of the Petition Date, without the (i) submission of separate employment applications or (ii) issuance of separate retention orders for each Ordinary Course Professional; and (b) authorizing the Debtors to compensate and reimburse such professionals, up to $30,000 per professional per month, or $360,000 per professional per year, without requiring such professionals to file individual fee applications. A list of current Ordinary Course Professionals (the "OCP List") is attached to the Proposed Order as **Exhibit "1"**.

## PROPOSED PROCEDURES FOR EMPLOYMENT AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS

6. The Debtors request authorization to employ the Ordinary Course Professionals to render a wide variety of professional services to their estates in the same manner and for the same purposes as the Ordinary Course Professionals were retained before the Petition Date. In the past, these professionals have provided professional services relating to such matters as legal, tax and accounting, as well as other services relating to issues that have a direct and significant impact on the Debtors' day-to-day operations. In addition, the Debtors also request authorization to employ certain Ordinary Course Professionals whose services are necessary to the Debtors even though they will not be involved in the day-to-day administration of these Chapter 11 Cases and may not have performed services for the Debtors prior to the Petition Date. It is essential that the employment of these Ordinary Course Professionals, many

3

of whom are already familiar with the Debtors' business, legal and financial affairs, be continued to avoid disruption of the Debtors' normal business operations.

7.  The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below is in the best interests of the Debtors and their estates and creditors. The relief requested will save the estates the substantial expenses associated with applying separately for the employment of each Ordinary Course Professional. Further, the relief requested will avoid the incurrence of additional fees relating to the preparation and prosecution of interim fee applications for each Ordinary Course Professional. Likewise, the procedure outlined below will relieve the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and any statutory appointed committees in these Chapter 11 Cases of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

8.  Accordingly, the Debtors request that the Court dispense with the requirement of individual retention and fee applications for the Ordinary Course Professionals and implement the following procedures (the "OCP Procedures"):

   (a) Within thirty (30) days after the later of (i) the entry of an order granting this Motion; and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to Debtors' Counsel[2] an affidavit (the "OCP Affidavit"), substantially in the form attached to the Proposed Order as **Exhibit "2"**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which the professional is to be employed.

---

2.  The attorneys for the Debtors, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Kathryn A. Coleman, Esq. and Jeffrey S. Margolin, Esq.; and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Seventeenth Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (collectively, "Debtors' Counsel").

(b) Upon receipt of the OCP Affidavit, the Debtors shall file the same with the Court and serve a copy thereof upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey, Esq.); (ii) counsel for the administrative agent for the DIP Lenders and for the prepetition secured lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York, 10022 (Attn: Adam Harris, Esq. and Tae Kim, Esq.) and Landis Rath & Cobb LLP, 919 North Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Adam G. Landis, Esq.); and (iii) counsel for any statutory committees appointed in these Chapter 11 Cases (each of the foregoing parties and the Debtors' Counsel, a "Notice Party," and collectively, the "Notice Parties").

(c) The Notice Parties shall have fifteen (15) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional. Any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within twenty (20) days of its receipt by the Debtors, the matter shall be scheduled for adjudication by the Court at the next available hearing or such other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate the Ordinary Course Professional in accordance with the OCP Procedures.

(d) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these procedures.

(e) Once the Debtors retain an Ordinary Course Professional in accordance with these procedures, the Debtors shall pay each Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that the Ordinary Course Professional's total compensation and reimbursement shall not exceed $30,000 for each month (the "Monthly Cap"), or $360,000 per year, starting from the first full month following the commencement of these Chapter 11 Cases.[3]

---

3. The Monthly Cap shall not apply to an Ordinary Course Professionals's request for fees and disbursements submitted directly to an insurer.

(f) In the event that the Monthly Cap is exceeded, the Ordinary Course Professional shall be required to file a fee application for the month in which the Monthly Cap is exceeded in compliance with the Interim Compensation Procedures approved in these cases. The excess amount over the Monthly Cap shall be subject to approval by the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines of the U.S. Trustee and any applicable orders of the Court. The U.S. Trustee shall have the right to request that any Ordinary Course Professional that is regularly exceeding the cap be the subject of a section 327(e) retention application.

(g) The Debtors further propose to file a payment summary statement with the Court not more than 30 days after the last day of March, June, September and December of each year the Chapter 11 Cases are pending, or such other period as the Court directs, and to serve such statement upon the other Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expewnses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered by such Ordinary Course Professional.

(h) The Debtors reserve the right to retain additional Ordinary Course Professionals during these Chapter 11 Cases, as the need arises. In such event, the Debtors will file an amended OCP List with the Court and serve it on the Notice Parties with the OCP Affidavits of the additional Ordinary Course Professionals. If no objection is received from any of the Notice Parties by the Objection Deadline, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures.

9. The Debtors reserve the right to dispute any invoice submitted by any Ordinary Course Professional.

## BASIS FOR RELIEF

10. Section 327(a) of the Bankruptcy Code provides as follows:

Except as otherwise provided in this section, the trustee [or debtor-in-possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to

represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code further provides that "with the court's approval" a Debtor may employ:

> [F]or a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the Debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Additionally, under section 328(a) of the Bankruptcy Code, the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a).

11. Section 330(a)(1) of the Bankruptcy Code provides, in pertinent part,

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7

13. The Ordinary Course Professionals will not be involved in the administration of the Chapter 11 Cases. Instead, the Ordinary Course Professionals will provide professional services in connection with the Debtors' ongoing business operations – *i.e.*, services which the majority of them generally performed for the Debtors prior to the commencement of these cases. Consequently, the Debtors do not believe that the Ordinary Course Professionals are "professionals," as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by the Court.

14. Although the term "professional" is not defined in the Bankruptcy Code, courts in this District and others consider the following factors in determining whether an entity employed by the debtor is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained with Court approval:

> (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization, (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization, (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, . . . (5) the extent of the employee's involvement in the administration of the debtor's estate, . . . and (6) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term.

*In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005) (quoting *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *3 (Bankr. D. Del. Dec. 15, 1997)). The *First Merchants* court went on to state that "[i]n applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighted against each other and considered in toto." *First Merchants*, 1997 WL 873551, at *3.

15. Applying the above analysis compels the conclusion that the Ordinary Course Professionals are not "professionals" within the meaning of the Bankruptcy Code. None of the Ordinary Course Professionals will be involved directly in the administration of or the development of the plan of reorganization in these Chapter 11 Cases, and all of the Ordinary Course Professionals' services relate to the day-to-day maintenance of the Debtors' business operations. The Ordinary Course Professionals are not entrusted with administering significant (or, in most cases, any) elements of the Debtors' estates, nor are they controlling or managing assets that are central to the Debtors' reorganization. Although the Ordinary Course Professionals, who are comprised primarily of prominent legal and other advisors, have considerable specialized knowledge and skill, that does not counterbalance the preceding factors such that the Ordinary Course Professionals properly constitute "professionals" under the Bankruptcy Code.

16. Nevertheless, out of an abundance of caution, and recognizing that the Ordinary Course Professionals' services are essential to the smooth functioning of the Debtors' businesses, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy regarding the Debtors' employment and compensation of the Ordinary Course Professionals during the pendency of these Chapter 11 Cases.

17. Unlike the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these Chapter 11 Cases will be retained by the Debtors pursuant to separate retention applications. Such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

18. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors or other parties in interest that should preclude such professional from continuing to represent the Debtors. Further, section 328(c) of the Bankruptcy Code excludes professionals retained pursuant to section 327(e) from the requirement that professionals be a disinterested person within the meaning of the Bankruptcy Code. 11 U.S.C. § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

19. The Debtors submit that, in light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders for each Ordinary Course Professional.

## DEBTORS' RESERVATION OF RIGHTS

20. Nothing contained herein is intended to be, or should be construed as, an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any invoice with respect to a potential claim under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended

and should not be construed as an admission of the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

21. Notice of this Motion shall be provided to (i) the Office of the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP Lenders and for the prepetition secured lenders; (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions; (iv) counsel to any statutory committees appointed in these Chapter 11 Cases; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of page left blank intentionally.]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 7, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      jeff.margolin@hugheshubbard.com

*Proposed Counsel for the Debtors*