# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Hearing Date: February 28, 2018 at 10:00 a.m. (ET) <br> Objection Deadline: February 21, 2018 at 4:00 p.m. (ET) |

## DEBTORS' SECOND OMNIBUS MOTION
## FOR ENTRY OF AN ORDER AUTHORIZING THEM
## TO REJECT CERTAIN EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES *NUNC PRO TUNC* TO THE REJECTION DATE

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE
THEIR NAMES AND THEIR LEASES AND/OR CONTRACTS
LISTED ON EXHIBIT 1 ATTACHED TO THE PROPOSED ORDER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), move the Court (this "Motion"), pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), authorizing them to reject the executory contracts and unexpired leases identified in Exhibit 1 attached to the Proposed Order (collectively, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

"Rejected Contracts"),[2] *nunc pro tunc* to February 7, 2018 (the "Rejection Date"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule bases for the relief requested herein are section 365(a) of the Bankruptcy Code, and Rule 6006 of the Bankruptcy Rules.

## BACKGROUND

### A. General Background

3. On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

2. Exhibit 1 attached to the Proposed Order lists (a) the counterparty to each of the Rejected Contracts (each, a "Counterparty" and collectively, the "Counterparties"), (b) each Counterparty's address, (c) a short description of each Rejected Contract and (d) the Debtor party to the Rejected Contract.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*, filed on January 30, 2018 (Docket No. 4) and which is incorporated herein by reference.

### B. Rejected Contracts

5. Since the commencement of these Chapter 11 Cases, the Debtors (with the assistance of their advisors) have been actively reviewing and evaluating their executory contracts and unexpired leases, including evaluating the ongoing cost of continuing to perform under such contracts and leases. In connection with this review, the Debtors have determined to reject the Rejected Contracts because they provide no ongoing benefit to the Debtors' estates or provide benefits that are substantially less than the corresponding costs. Therefore, due to the burden the Rejected Contracts place on the Debtors' estates, the Debtors are requesting that the Rejected Contracts be rejected *nunc pro tunc* to the date of this Motion.

## RELIEF REQUESTED

6. The Debtors request entry of an order, in substantially the form of the Proposed Order, authorizing them to reject the Rejected Contracts, *nunc pro tunc* to the Rejection Date.

## BASIS FOR RELIEF REQUESTED

### A. Rejection of the Rejected Contracts Is an Appropriate Exercise of the Debtors' Business Judgment and Should Be Approved

7. Section 365(a) of the Bankruptcy Code provides that a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been

completely performed"). Courts routinely approve motions to reject executory contracts and unexpired leases upon a showing that a debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 492 (3d Cir. 1998); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or unexpired lease by the debtor is appropriate under section 365(a) of the Bankruptcy Code.").

8. Courts generally will not second-guess a debtor's reasonable and good faith business judgment concerning the rejection of an executory contract or unexpired lease, unless the decision is the product of bad faith, whim or caprice. *See In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (applying a business judgment standard, absent a showing of bad faith, whim, or caprice); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (same); *see also Summit Land Co. v. Allen (In re Summit Land. Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). The standard merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Cor. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).

9. The Debtors' rejection of the Rejected Contracts is an exercise of their sound business judgment and in the best interest of their estates. The Debtors have determined that the Rejected Contracts are no longer necessary to the Debtors' ongoing operations. Instead, absent rejection of the Rejected Contracts, the Debtors may accrue avoidable administrative expenses

4

without any accompanying benefit to their estates to the detriment of the Debtors' stakeholders. Because rejecting the Rejected Contracts will benefit the Debtors' estates, the Court should grant the relief requested herein.

### B. Rejecting the Rejected Contracts *Nunc Pro Tunc* to the Rejection Date Is Reasonable and Appropriate

10. Bankruptcy courts are empowered to grant retroactive rejection of an executory contract or unexpired lease under section 105(a) and 365(a) of the Bankruptcy Code based on the equities of the circumstances. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (authorizing retroactive rejection of executory contract where there was "no obvious prejudice to [the counterparty] in approving rejection retroactively."); *see also Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

11. Under the present circumstances, the balance of the equities favors rejection of the Rejected Contracts *nunc pro tunc* to the date of this Motion. Absent such relief, the Debtors may be forced to incur administrative expenses under the Rejected Contracts with little to no accompanying benefit. On the other hand, the Counterparties to the Rejected Contracts will not be unduly prejudiced if rejection of the Rejected Contracts is deemed effective as of the date of this Motion. The filing of this Motion will serve as notice of the Debtors' intent to reject such contracts.

5

DOCS_DE:217831.1 69353/002

12. Finally, courts in this district have approved relief similar to that requested herein. *See, e.g., In re FILIP Technologies, Inc.*, No. 16-12192 (KG) (Bankr. D. Del. Jan. 10, 2017) (Docket No. 206) (authorizing rejection of executory contracts *nunc pro tunc* to date of filing motion); *In re AEI Winddown, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Sept. 26, 2017) (Docket No. 367) (authorizing retroactive rejection of executory contracts); *In re TSA WD Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Feb. 22, 2017) (Docket No. 3438) (same); *In re Samson Resources Corporation, et al.*, Case No. 15-11934 (CSS) (Bankr. D. Del. Jul. 12, 2016) (Docket No. 1172) (same). Accordingly, to avoid incurring unnecessary administrative expenses associated with the Rejected Contracts, the Debtors respectfully request that the Court authorize the Debtors to reject the Rejected Contracts effective *nunc pro tunc* to the date of this Motion.

C. **Claims Bar Date**

13. The Counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the rejection of the Rejected Contracts and must do so in accordance with any claims bar date set by the Court. The Debtors will give notice of such bar date to the Counterparties, in accordance with any orders of this Court. Nothing in this Motion shall be deemed or construed to: (a) constitute an admission as to the validity or priority of any claim against the Debtors; and/or (b) constitute a waiver of the Debtors' rights to dispute any claim.

## **COMPLIANCE WITH BANKRUPTCY RULE 6006(f)**

14. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006(f).

## NOTICE

15. Notice of this Motion shall be provided to (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP Lenders and for the prepetition secured lenders; (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petition; (iv) counsel to any statutory committees appointed in these Chapter 11 Cases; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002; and (vi) the Counterparties. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Left Blank Intentionally]*

DOCS_DE:217831.1 69353/002

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: February 7, 2018
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
   joneill@pszjlaw.com
   pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Jacob Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
   chris.gartman@hugheshubbard.com
   jacob.gartman@hugheshubbard.com

*Proposed Counsel for the Debtors*