THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> PATRIOT NATIONAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 9, 166 |

**FINAL ORDER ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE THEIR WORKERS' COMPENSATION PROGRAMS
AND THEIR LIABILITY, PROPERTY AND OTHER INSURANCE
PROGRAMS AND (B) PAY CERTAIN OBLIGATIONS IN RESPECT
THEREOF, AND (II) AUTHORIZING THE DEBTORS' FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS CHECKS AND
TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 362(d), 363(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6004(h), (i) authorizing the Debtors, subject to and in accordance with the DIP Budget, to (a) continue their workers' compensation programs and their liability, property and other insurance programs including, but not limited to those insurance programs listed on **Exhibit "C"** attached to the Motion (collectively, the "Insurance Programs") and (b) pay all obligations in respect thereof, on an uninterrupted basis, consistent with the Debtors' practices in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

DOCS_DE:217638.3 69353/002

effect prior to the commencement of the Chapter 11 Cases, including the payment of all premiums, premium finance payments, claims, deductibles and retentions, retrospective adjustments, administrative and broker's fees, whether relating to the period prior to or following the commencement of these Chapter 11 Cases, as more fully described in the Motion, and (ii) authorizing the Debtors' financial institutions to honor and process checks and transfers related to the aforementioned obligations; and upon consideration of the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion and the hearing to consider the relief requested therein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

2

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED on a final basis as set forth herein.

2.  The Debtors are hereby authorized, but not directed, to pay, in their sole discretion, all premiums, claims, deductibles and retentions, retrospective adjustments, administrative and broker's fees and all other obligations arising under the Insurance Programs, as well as premium finance payments pursuant to the PFA (collectively, the "Insurance Obligations").

3.  The Debtors are hereby authorized, but not directed, to maintain their Insurance Programs and the PFA without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court.

4.  The Debtors are hereby authorized, but not directed, to renew their Insurance Programs and the PFA, and or obtain replacement coverage, as needed, in the ordinary course of business, at their sole discretion, without further application to this Court.

5.  Consistent with the foregoing, the Debtors are hereby authorized, but not directed, to maintain and administer their Workers' Compensation Programs in the ordinary course of business and consistent with past practice, and honor and pay all premiums, claims and other costs and expenses related thereto whether arising prior or subsequent to the Petition Date.

6.  All banks and other financial institutions are hereby authorized to receive, process, honor and pay any checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the Insurance Obligations approved herein, and the costs and expenses incident thereto, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date, to

DOCS_DE:217638.3 69353/002

the extent funds are available in the Debtors' accounts; provided, however, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the payment of the Insurance Obligations, or the costs and expenses incident thereto, approved herein.

7. All such banks and financial institutions are further authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Order. In no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors, (ii) in the good faith belief that the Court has authorized such action consistent with the implementation of reasonable item handling procedures or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling procedures, be deemed in violation of this Order or have liability in connection therewith.

8. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

9. Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, any payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' pospetition financing or use of cash collateral, and any budget in connection therewith.

10. Nothing in this Order or the Motion is intended or should be construed as (i) an admission as to the validity or priority of any claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (iii) an approval, assumption or reaffirmation of any agreement, contract or lease whether under section

365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Programs and Insurance Obligations.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Feb. 26, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

5

DOCS_DE:217638.3 69353/002