# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> PATRIOT NATIONAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: Docket No. 13, 168 |

## FINAL TRADING ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon consideration of the motion, dated January 30, 2018 (the "Motion"),[2] of the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), for an order to approve notification procedures and restrictions on certain transfers of interests in Debtors' estates as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been given to the Notice Parties as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided other than as provided herein; and the Court having found and determined that Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; and the Court having found and determined that unrestricted trading in equity interests in Debtors before their emergence from chapter 11 could severely limit Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and the Court having found and determined that the Procedures (as hereinafter defined) are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of Debtors, their estates, and their creditors; and the Court having found and determined that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code; and the Court having entered the Interim Order on February 1, 2018; and this Court having determined that the relief sought in the Motion is in the best interests of Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as set forth herein; and it is further

ORDERED that effective as of the Petition Date the following procedures and restrictions are imposed and approved:

1. <u>Notice of Substantial Equityholder Status.</u> Any Person who is or becomes a Tax Owner as of the Petition Date of at least 1,272,947 shares of Stock, which represent approximately 4.75 percent of the issued and outstanding common stock (a "<u>Substantial Equityholder</u>"), must, on or before the later of: (a) 15 days after the Court's entry of an order approving these Procedures or (b) 10 days after that Person becomes a Substantial Equityholder, serve on Debtors, the attorneys for Debtors, counsel for Cerberus Business Finance, LLC, as the administrative agent for the proposed DIP Lenders and for the prepetition secured lenders (the "<u>Prepetition Agent</u>"), and the attorneys for the Creditors' Committee (when appointed) a notice (the "<u>Substantial Equityholder Notice</u>") containing the Tax Ownership information substantially in the form of **Exhibit 1** annexed to **Exhibit B** to the Motion.

2. <u>Restrictions and Procedures for Trading in Stock.</u> Any Person that, after the Petition Date,

   i. is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Person to become a Substantial Equityholder;

   ii. is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

   iii. is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's election, in a redacted form that does not include such holder's taxpayer identification number and the aggregate principal amount of Stock that such holder beneficially owns), and serve on Debtors, the attorneys for Debtors, counsel to the Prepetition Agent, and the attorneys for the

DOCS_DE:217637.4 69353/002

Creditors' Committee (when appointed) an unredacted notice in the form attached as **Exhibit 2** to **Exhibit B** to the Motion, in the case of a proposed acquisition of Stock, or **Exhibit 3** to **Exhibit B** to the Motion, in the case of a proposed disposition of Stock, including the case of a 50 percent shareholder who intends to claim a worthlessness deduction with respect to such Stock (either such notice, a "Proposed Stock Transaction Notice"). The Debtors shall consult with counsel to the Prepetition Agent and counsel to the Creditors' Committee (when appointed) prior to responding to any Proposed Stock Transaction Notice. If written approval of the proposed transaction is filed with the Court by Debtors within 15 calendar days following the receipt of a Proposed Stock Transaction Notice, then the transaction may proceed. If written approval of the proposed transaction is not filed by Debtors with the Court within such period, then the transaction may not be consummated unless approved by a final and nonappealable order of the Court. Further transactions within the scope of this Section 2 must be the subject of additional notices as set forth herein with additional waiting periods.

3. Confidentiality. The Debtors, their counsel, counsel to the Prepetition Agent, and counsel to the Creditors' Committee (when appointed) shall keep all information provided in all notices delivered pursuant to the Trading Order strictly confidential and shall not disclose the contents thereof to any person (including any Prepetition Agent and any member of any Creditors' Committee (when appointed)), except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law or (iii) to the extent that the information contained therein is already public; *provided, however*, that Debtors may disclose the contents thereof to their professional financial advisers, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person subject to further Court order. To the extent confidential information is necessary to

DOCS_DE:217637.4 69353/002

respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in redacted form.

4. <u>Sanctions for Noncompliance.</u> Acquisitions and dispositions of Tax Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

5. <u>Discretionary Waiver by Debtors.</u> The Debtors, with the consent of the Prepetition Agent and the Creditors' Committee (when appointed) or pursuant to an order of the Court, may waive any sanctions, remedies or notification procedures imposed by the Trading Order; *provided, however*, that any such waiver shall be filed with the Court.

6. <u>Notice Procedures.</u> Within three business days of the entry of the Order, the Debtors shall (i) submit a publication notice of the entry of the Trading Order for posting on the Bloomberg newswire service; (ii) post such notice together with a copy of the Trading Order on Debtors' case information website (https://cases.primeclerk.com/patnat); and (iii) serve a notice of the entry of the Trading Order on (1) the Office of the United States Trustee for the District of Delaware; (2) any identified equity holder of Patriot National, Inc.; (3) counsel for the Prepetition Agent; (4) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions; (5) the Internal Revenue Service; and (6) the Office of the United States Attorney for the District of Delaware. Upon receipt of such notice, counsel to the Creditors' Committee (when appointed) shall send such notice to their respective committee members.

Upon receipt of such notice of Trading Order, any Agent of a beneficial holder of the Stock will be required, within five (5) business days of receipt of such notice and on at least a

ORDERED that, the relief provided in this Order is in addition to, and not in lieu of, any and all other rights and remedies available to the Debtors.

Dated: February 26, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE