IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Related Doc. 88, 160 |

**ORDER PURSUANT TO SECTIONS 105(a), 330, AND 331 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2016 AND LOCAL RULE 2016-2
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the debtors and debtors–in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who (i) will be retained pursuant to section 327 title 11 of the United States Code (the "Bankruptcy Code"), and (ii) are required to file fee applications, pursuant to sections 105(a), 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and approving the

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

82276426_2

Compensation Procedures for the interim compensation and reimbursement of expenses of Retained Professionals, as more fully set forth in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

**Monthly Fee Applications**

(a) On or after the 15th day of each calendar month following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered

and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"). Retained Professionals may submit the first Monthly Fee Application, covering the period from January 31, 2018 through February 28, 2018, on or after March 15, 2018.

(b) Each Retained Professional shall serve a copy of such Monthly Fee Application on the following parties (each a "Notice Party" and collectively, the "Notice Parties"):

(i) the Debtors, Patriot National, Inc., 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301 (Attn: Gex F. Richardson, Esq. (grichardson@patnat.com));

(ii) co-counsel to the Debtors, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq., (katie.coleman@hugheshubbard.com) and Jeffrey S. Margolin, Esq. (jeff.margolin@hugheshubbard.com));

(iii) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Seventeenth Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com));

(iv) counsel for the administrative agent for the DIP Lenders and for the prepetition secured lenders, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York, 10022 (Attn: Adam Harris, Esq. (adam.harris@srz.com) and Tae Kim, Esq. (tae.kim@srz.com));

(v) counsel for the administrative agent for the DIP Lenders and for the prepetition secured lenders, Landis Rath & Cobb LLP, 919 North Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Adam G. Landis, Esq. (landis@lrclaw.com));

(vi) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Casey, Esq. (linda.casey@usdoj.gov));

(vii) proposed counsel to the Official Committee of Unsecured Creditors, Kilpatrick Townsend & Stockton LLP, The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David M. Posner, Esq. (dposner@kilpatricktownsend.com), Gianfranco Finizio, Esq. (gfinizio@kilpatricktownsend.com), and Kelly Moynihan, Esq. (kmoynihan@kilpatricktownsend.com); and

(viii) proposed counsel to the Official Committee of Unsecured Creditors, Morris James LLP, 500 Delaware Avenue, Suite 1500, P.O. Box 2306, Wilmington, Delaware 19899 (Attn: Carl N. Kunz, III, Esq. (ckunz@morrisjames.com) and Brenna A. Dolphin, Esq. (bdolphin@morrisjames.com).

(c) Any Retained Professional, through its counsel, that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated

Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law, and to the extent provided in this Order, the *Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* established by the Office of the United States Trustee.

(d) The deadline to object to any Monthly Fee Application is **4:00 p.m. (prevailing Eastern Time)** on the **21st day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "Objection Deadline").

(e) To object to a Retained Professional's Monthly Fee Application, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Retained Professional and the Notice Parties such that each party receives the objection on or before the Objection Deadline.

(f) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "CNO") with the Court with respect to any fees and expenses not subject to objection. After a Retained Professional files a CNO, the Debtors shall have the authority to pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

(g) If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an objection and the parties are unable to reach a consensual resolution, the Retained Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

**Interim Fee Applications**

(a) At three-month intervals or such other intervals convenient to the Court, Retained Professionals may file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks, filed during the preceding interim period (the "Interim Fee Period").

(b) Retained Professionals will file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period. The first Interim Fee Application is due on or before June 14, 2018 and shall cover the Interim Fee Period from January 31, 2018 through and including April 30, 2018.

(c) Each Retained Professional will serve, via first class mail, its Interim Fee Application and final fee application upon the Notice Parties. Each Retained Professional will serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

4

(d) Additional Objections to any Interim Fee Application will be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before **4:00 p.m. (prevailing Eastern Time)** on the **21st day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(e) The Debtors may request that the Court schedule a hearing on Interim Fee Application Requests at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(f) A pending objection to compensation or reimbursement of any Retained Professional does not disqualify a Retained Professional from future compensation or reimbursement.

(g) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

(h) No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327 of the Bankruptcy Code.

(i) Retained Professionals shall file final fee applications for compensation and reimbursement (collectively, the "Final Fee Application") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

3. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to section 327 of the Bankruptcy Code shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of this Court, and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

    4.    Service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and hearing notices is approved as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and notice of any hearing thereon and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only Hearing Notices.

    5.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

    6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

    7.    Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

    8.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: FEBRUARY 26, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

82276426_2