# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC.,** *et al.*,[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 89, *161* |

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING THE DEBTORS TO RETAIN CONWAY MACKENZIE MANAGEMENT SERVICES, LLC TO PROVIDE AN EXECUTIVE VICE PRESIDENT OF FINANCE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application (the "Application")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b), of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to (i) retain Conway MacKenzie Management Services, LLC ("CMMS") to provide the Debtors with an executive vice president of finance (the "EVP") and certain Additional Personnel and (ii) designate Donald S. MacKenzie as EVP of Finance, *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon consideration of the MacKenzie Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

*Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested by the Application is in the best interest of the Debtors and their respective estates and creditors; the Court having found that CMMS does not represent any interest adverse to the Debtors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is APPROVED as modified herein.

2. The terms of the Engagement Letter, including, without limitation, the compensation provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby APPROVED.

3. In accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to retain CMMS and the Additional Personnel and appoint Mr. MacKenzie as EVP *nunc pro tunc* to the Petition Date and pursuant to the terms and conditions set forth in the Application and the Engagement Letter as modified by this Order. The EVP will act under the direction, control and guidance of the Board of Directors. Consistent with the Engagement Letter, Mr. MacKenzie shall not bill more than $100,000.00 per month (subject to any further

budgetary limitations imposed through the DIP Financing Order) at Mr. MacKenzie's hourly rate of $950, without approval by the Debtors and the Debtors' lenders.

4. CMMS and its affiliates will not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/administrator, or investor/acquirer) in connection with these Chapter 11 Cases.

5. In the event the Debtors seek to have CMMS personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions performed by the CMMS Professionals beyond those performed as of the Retention Date, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

6. CMMS shall file with the Court, with copies to the United States Trustee, counsel for Cerberus Business Finance, LLC, and proposed counsel to the Official Committee of Unsecured Creditors a report of staffing on the engagement and compensation earned and expenses incurred on a monthly basis. Such reports shall contain (i) the names and functions filled of the individuals assigned; and (ii) summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 (0.10) hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate,

the time entries shall be kept in half-hour (0.50) increments. All staffing and compensation shall be subject to review by the Court in the event an objection is filed.

7. No principal, employee, or independent contractor of CMMS and its affiliates shall serve as a director of any of the Debtors during the pendency of these Chapter 11 Cases.

8. Notwithstanding the foregoing requirements, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by CMMS for fees and expenses incurred in connection with CMMS's retention.

9. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the Chapter 11 Cases, dismissal of the Chapter 11 Cases for cause, or appointment of a trustee.

10. The Debtors are permitted to indemnify only those CMMS personnel serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the respective corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director's and officer's liability policies.

11. Subject to the foregoing, there shall be no indemnification of CMMS or its affiliates during the Chapter 11 Cases.

12. For a period of three years after the conclusion of CMMS's engagement, neither CMMS nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

13. CMMS shall disclose all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest

adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

14. To the extent CMMS provides services through any independent contractors, CMMS shall bill the Debtors for such independent contractors at cost and such contractors shall be subject to a conflict search.

15. Notwithstanding the scope of services set forth in the Engagement Letter or the Application, CMMS shall coordinate with the Debtors' other professionals to make reasonable efforts to avoid unnecessary duplication of efforts.

16. Notwithstanding anything to the contrary herein, any payment made or to be made, and authorization contained in this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

17. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

18. Notice of the Application satisfies the requirements of Bankruptcy Rules 6004(a).

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all steps necessary or appropriate to carry out this order.

21. Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 26, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE