IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 94 , *159* |

### ORDER PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES 2014–1 AND 2016–1 FOR AUTHORITY TO RETAIN AND EMPLOY HUGHES HUBBARD & REED LLP AS ATTORNEYS FOR DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application"), dated February 7, 2018, of the debtors and debtors-in-possession in the above-captioned case (the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain Hughes Hubbard & Reed LLP ("Hughes Hubbard") *nunc pro tunc* to the Petition Date,[2] as counsel to the Debtors, pursuant to section 327(a) of title 11 the Bankruptcy Code (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014–1 and 2016–1 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), as more fully set forth in the Application; and upon the declaration of Kathryn A. Coleman, a partner of Hughes Hubbard, attached to the

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' business address is 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

82276410_2

Application as **Exhibit A** (the "Coleman Declaration") and the declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc. and its affiliates and subsidiaries, attached to the Application as **Exhibit B** (the "Feltman Declaration"); and the Court being satisfied, based on the representations made in the Application, the Coleman Declaration, and the Feltman Declaration that Hughes Hubbard is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Hughes Hubbard represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to the parties provided for in the Application and no further notice being necessary; and the legal and factual bases set forth in the Application establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Application having been filed or made at the Hearing on the Application; and upon all of the proceedings before the Court;

IT IS HEREBY ORDERED THAT:

2

82276410_2

1. The Application is approved and GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain Hughes Hubbard as their attorneys in these Chapter 11 Cases, with the Fee Advance, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016–1, in accordance with Hughes Hubbard's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Petition Date.

3. Hughes Hubbard is authorized to render the following professional services:

   a. taking all necessary actions to protect and preserve the estates of the Debtors, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, representing the Debtors in negotiations concerning litigation in which the Debtors are involved and preparing objections to claims filed against the Debtors;

   b. preparing all pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and other papers necessary or otherwise beneficial to the administration of the Debtors' estates;

   c. taking all necessary or appropriate action on behalf of the Debtors to obtain approval of a disclosure statement, confirmation of a plan of reorganization and all documents related thereto;

   d. taking all necessary actions to protect and preserve the value of the Debtors' estates, including advise with respect to the Debtors' affiliates and all related matters;

   e. advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

   f. attending meetings and negotiating with representatives of the creditors and other parties in interest;

   g. representing the Debtors in connection with using cash collateral and obtaining post-petition financing;

   h. advising the Debtors in connection with any potential acquisition or sale of assets;

82276410_2

i.  appearing before this Court and any appellate courts to represent the interests of the Debtors' estates; and

j.  performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumptions, rejections, or assignments thereof; (ii) analyzing the validity of liens against the Debtors; (iii) performing all other legal services necessary or appropriate to effectuate the financial restructuring of the Debtors; and (iv) advising the Debtors on corporate governance, regulatory corporate and litigation matters involving the Debtors and their affiliates.

To the extent Hughes Hubbard determines such services fall outside the scope of services historically or generally performed by Hughes Hubbard as lead Debtors' counsel in a bankruptcy case, Hughes Hubbard will file a supplemental declaration.

4.  Hughes Hubbard may apply its Fee Advance to prepetition fees and expenses that had been incurred but not yet processed as of the commencement of the Debtors' cases.

5.  The balance of the Fee Advance shall be applied by Hughes Hubbard to its first monthly fee application, after allowance, and will not be retained as an evergreen retainer.

6.  Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Hughes Hubbard, Hughes Hubbard shall not seek reimbursement of expenses for office supplies or overtime (secretarial or otherwise) expenses.

7.  Notwithstanding anything set forth in the Engagement Letter or the Application to the contrary, Hughes Hubbard shall neither seek nor be entitled to reimbursement for counsel fees related to the defense of any fee applications.

82276410_2

8. Hughes Hubbard shall make all reasonable efforts to avoid any inappropriate duplication of services provided by any of the Debtors' other retained Professionals in these Chapter 11 Cases.

9. Notwithstanding anything to the contrary herein, any payment made or to be made, and authorization contained in this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

10. Hughes Hubbard shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and case-specific fee protocols approved by the Court and any Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by this Court, and any other applicable procedures and orders of the Court. Hughes Hubbard also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases*, effective as November 1, 2013 (the "Fee Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Hughes Hubbard in these Chapter 11 Cases. Hughes Hubbard shall provide a budget in accordance with the Fee Guidelines.

12. Notice of the Application as provided therein constitutes good and sufficient notice of the Application.

13. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

14. The terms of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors and Hughes Hubbard are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: February 26, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

82276410_2