**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No. 18-10189 (KG) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 280** |

**DEBTORS' OBJECTION TO MOTION FOR AN ORDER SHORTENING
NOTICE WITH RESPECT TO MOTION TO CERTIFY CLASS, APPOINT
CLASS REPRESENTATIVES AND APPOINT CLASS COUNSEL**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") hereby respond (this "Objection") to the *Motion for an Order Shortening Notice with*

*Respect to Motion to Certify Class, Appoint Class Representatives and Appoint Class Counsel*

[D.I. 280] (the "Motion"), and respectfully state as follows:

1.      By means of the Motion, Henry Wasik and Aric McIntire (the "Movants") seek

entry of an order shortening notice with respect to the Movants' *Motion of Class Action*

*Plaintiffs' Motion to Certify Class, Appoint Class Representatives and Appoint Class Counsel*

[D.I. 279] (the "Certification Motion"),[2] filed at 7:41 p.m. on Friday, March 2, 2018.

---

1.   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC  (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826).  The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2.   Movants have also filed a memorandum of law in support of the Certification Motion [D.I. 279-1] ("Mem.").

2. The Movants are plaintiffs in certain litigation against certain present and former officers and directors of Patriot National, Inc. According to the Certification Motion, these actions assert both direct and derivative claims against current and former officers and directors of Patriot National, Inc. (Mem. at 1, 7)

3. The Certification Motion seeks entry of an order [D.I. 279-9] certifying a class consisting of all purchasers of Patriot National, Inc. common stock from January 15, 2015 to November 22, 2017, appointing the Movants as class representatives for such class, and appointing Levi & Korsinsky, LLP and McCarter & English LLP as class counsel.

## DEBTORS' OBJECTION

4. First, the Certification Motion is stayed by section 362(a)(3) of the Bankruptcy Code and is inconsistent with the spirit of this Court's *Order (i) Compelling Mediation of Claims Against the Debtors' Directors and Officers and (ii) Temporarily Staying Related Litigation* [D.I. 256] (the "Mediation Order").

5. The derivative claims asserted by the Movants (as well the claims of the class they seek to certify and represent) are property of the estate and may not be pursued by any party other than the Debtors pursuant to section 362(a). *See, e.g., In re SemCrude L.P.*, 796 F.3d 310, 322 (3d Cir. 2015) (holding that pursuit of derivative claims that belong to litigation trust should be enjoined); *In re Emoral, Inc.*, 740 F.3d 875 (3d Cir. 2014) ("After a company files for bankruptcy, creditors lack standing to assert claims that are property of the estate.") (internal quotation marks omitted); *In re CD Liquidation Co., LLC*, 462 B.R. 124, 134 (Bankr. D. Del. 2011) (enjoining shareholder action where plaintiff "usurp[ed] the Liquidation Trustee's exclusive standing" by asserting derivative claims).

DOCS_DE:218268.1 69353/002

6.       Furthermore, the Mediation Order expressly stayed the litigation in which the Movants have pursued their claims, including the cases captioned *McIntire* et al. *v. Mariano* et al., Case No. 0:18-cv-60075-BB (S.D. Fl.) and *Wasik* et al. *v. Mariano* et al., No. 12953 (Del. Ch.).  Accordingly, although the Mediation Order does not expressly prohibit certification of shareholder or creditor classes that are similar or identical to the classes involved in the underlying litigation, the Motion and the Certification Motion are inconsistent with the idea of a "global cease-fire" that underlies the Mediation Order.

7.       Second, the proposed class consists of certain holders of Debtor Patriot National, Inc.'s common stock.  (Motion at 1.)  Even if any of the claims asserted by such class members may be pursued as direct claims, they are subject to mandatory subordination pursuant to section 510(b) of the Bankruptcy Code and thus will be presumed to reject the Debtors' Plan of Reorganization pursuant to section 1126(g) of the Bankruptcy Code.  With no right of recovery under the Plan and no right to vote in the solicitation process, certification would fail to serve the purposes identified by the Movants.  (*See* Mem. at 11.)

8.       Third, the Movants have not demonstrated cause for departing from the notice and objection deadlines required by Local Rule 9006-1(c).  Pursuant to Local Rule 9006-1(e), the Movants must specify the exigencies requiring shortened notice.  The Motion appears to predicate the supposed need for shortened notice on the proposed March 8, 2018 solicitation record date.  (*See* Motion ¶ 6.)  However, the March 8, 2018 solicitation record date is not an exigency; the date was identified in the *Disclosure Statement of Patriot National, Inc. and Its Affiliated Debtors* (the "Disclosure Statement") [D.I. 16] and in bold print on the second page of the motion seeking approval of the Disclosure Statement [D.I. 17], both of which were filed on January 31, 2018.

9.       Additionally, the Movants have allowed for an inadequate amount of notice of the

Certification Motion.  The Certification Motion includes a 27-page memorandum of law that

considers complicated issues of fact and law relating to the nature of the Movants' claims and the

facts and the facts and circumstances of these chapter 11 cases.  By filing the Certification

Motion on a Friday night and seeking a hearing on Thursday morning, the Movants have left the

Debtors and other parties in interest with a maximum of three business days to evaluate and

respond to the issues raised by the Certification Motion.

DOCS_DE:218268.1 69353/002

## CONCLUSION

10.     WHEREFORE, the Debtors respectfully request that the Court enter an order

denying the Motion.


Dated:  March 5, 2018                          PACHULSKI STANG ZIEHL & JONES LLP
            Wilmington, Delaware

                                               */s/ Laura Davis Jones*
                                               Laura Davis Jones (DE Bar No. 2436)
                                               James E. O'Neill (DE Bar No. 4042)
                                               Peter J. Keane (DE Bar No. 5503)
                                               919 North Market Street, 17th Floor
                                               P.O. Box 8705
                                               Wilmington, Delaware 19899-8705 (Courier 19801)
                                               Telephone:  (302) 652-4100
                                               Facsimile:   (302) 652-4400
                                               Email: ljones@pszjlaw.com
                                                       joneill@pszjlaw.com
                                                       pkeane@pszjlaw.com

                                                 -and-

                                               Kathryn A. Coleman
                                               Christopher Gartman
                                               Jacob Gartman
                                               HUGHES HUBBARD & REED LLP
                                               One Battery Park Plaza
                                               New York, NY 10004-1482
                                               Telephone:  (212) 837-6000
                                               Facsimile:  (212) 422-4726
                                               Email:  katie.coleman@hugheshubbard.com
                                                       chris.gartman@hugheshubbard.com
                                                       jacob.gartman@hugheshubbard.com

                                               *Counsel for the Debtors*

DOCS_DE:218268.1 69353/002