# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 6, 46 |

### FINAL ORDER (A) AUTHORIZING DEBTORS TO PAY (I) ALL PREPETITION EMPLOYEE OBLIGATIONS, (II) PREPETITION WITHHOLDING OBLIGATIONS, AND (III) POSTPETITION EMPLOYEE OBLIGATIONS IN THE ORDINARY COURSE, AND (B) AUTHORIZING BANKS TO HONOR RELATED TRANSFERS

Upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 363, 503, 507(a)(4), 507(a)(5), 541, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Bankruptcy Rules 6003 and 6004(h), seeking entry of an order: (a) authorizing, but not directing, the Debtors to continue to honor and pay (i) all prepetition employee obligations as described more fully in the Motion, (ii) all prepetition federal and state withholding obligations, (iii) postpetition employee obligations in the ordinary course, and (b) authorizing all banks to honor the Debtors' prepetition transfers for payment of any of the foregoing and prohibiting banks from placing holds on, or attempting to reverse, any transfers on

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

account of the foregoing; and upon the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, the Court hereby ORDERS that:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, in their sole discretion, to continue to honor and pay all prepetition Employee Obligations in the ordinary course of business as they come due.

3. The Debtors are authorized, but not directed, to pay all prepetition amounts owing to the Independent Service Providers and Temporary Employees for their services in the ordinary course of business as they come due.

4. No payment to, or on behalf of, any individual Employee, Temporary Employee, or Independent Service Provider on account of prepetition Employee Obligations or

prepetition Independent Services shall exceed the amounts afforded priority status by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

5. The Debtors are authorized, in their sole discretion, to continue to honor and pay all Reimbursable Expenses, including any such prepetition expenses.

6. The Debtors are authorized, in their sole discretion, to honor and continue their programs, policies and practices, with respect to the Employee Obligations, Temporary Employees, and Independent Service Providers that were in effect as of the Petition Date, in the ordinary course of business.

7. The Debtors are authorized, in their sole discretion, to pay any obligations in connection with the Fully-Insured Health Plans in the ordinary course of business, including any premiums or administrative fees.

8. All of the Debtors' banks are authorized to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to Employee Obligations, Reimbursable Expenses, Temporary Employees and Independent Service Providers, authorized by this Order, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

9. To the extent that any employment or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtors do not at this time seek authority to assume such contracts, and no relief is granted in respect thereof.

10. Nothing herein shall be deemed to authorize (1) the payment of any amounts in satisfaction of bonus or severance obligations subject to section 503(c) of the
3

Bankruptcy Code; (2) the payment of any amounts owing to any retired or former Employees under any supplemental executive retirement plan or otherwise, or (3) the Debtors to cash out unpaid vacation or leave time upon termination of an employee, unless applicable state law requires such payment.

11. Notwithstanding anything to the contrary contained herein, any discretion afforded to the Debtors, payment made or to be made, and authorization granted pursuant to this Order shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any order regarding the Debtors' postpetition financing or use of cash collateral, and any budget in connection therewith.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: March 5, 2018
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE