# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 18-10189-KG |
| PATRIOT NATIONAL, INC., *et al.*, | CHAPTER 11 |
| Debtors. | **Hearing Date: TBD** |
| _____/ | **Objection Deadline: TBD** |

## CENTRAL FLORIDA EDUCATORS FEDERAL CREDIT UNION'S MOTION TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT

CENTRAL FLORIDA EDUCATORS FEDERAL CREDIT UNION (hereinafter the "Movant"), by and through its undersigned counsel, hereby files this Motion to Compel Assumption or Rejection of the Executory Contract ("Motion") between the Movant and Patriot National, Inc. dated March 1, 2010, and amended as set forth below. In support of the Motion the Movant respectfully represents the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper is this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein in section 365 of the United States Bankruptcy Code (the "Bankruptcy Code").

## BACKGROUND

2. The Movant owns the following described real property and leases a portion of it to one of the Debtors: 1000 Primera Boulevard, Lake Mary, Florida, Seminole County, Florida 32746.

3. On or about March 1, 2010, the Movant entered into a written lease agreement

(the "Lease Agreement") to rent the property to Patriot Risk Management, Inc. (the "Debtor"). The Lease Agreement term started February 2010 for a period of sixty (60) months. A copy of the Lease Agreement is attached hereto as "Exhibit A" and by reference made a part hereof.

4. On or about November 22, 2010, the Debtor executed an assignment and assumption of lease for the above referenced lease agreement. A copy of the assignment and assumption of lease is attached hereto as "Exhibit B" and by reference made a part hereof.

5. On or about March 16, 2012, the parties executed a lease amendment #1 for the Lease Agreement. A copy of the lease amendment #1 is attached hereto as "Exhibit C" and by reference made a part hereof.

6. On or about August 24, 2012, the parties executed a lease amendment #2 for the Lease Agreement. A copy of the lease amendment #2 is attached hereto as "Exhibit D" and by referenced made a part hereof.

7. On or about July 2014, the parties executed a lease agreement renewal and amendment #3 for the Lease Agreement. This amendment renewed the terms of the Lease Agreement and all amendments for an additional five (5) years. A copy of the lease agreement renewal and amendment #3 is attached hereto as "Exhibit E" and by reference made a part hereof.

8. On or about May 5, 2017, the parties executed a lease agreement extension and amendment #4 for the Lease Agreement. A copy of the lease agreement renewal and amendment #4 is attached hereto as "Exhibit F" and by reference made a part hereof. (The Lease Agreement and all subsequent renewals/amendments shall be collectively referred to hereinafter as the "Lease").

9. The Debtor failed to make payment for its December, 2017 rent as set forth in the

Lease. The Debtor cured its December default on December 31, 2017.

10. The Debtor made its full payment obligation for its January, 2018 rent on January 3, 2018.

11. The Debtor is in default for failure to pay its full February, 2018 rent obligation by making a partial payment on February 8, 2018. The Debtor only paid $28,606.82 of the required $37,814.11. The Debtor has not made its March rental payment as of the filing of this Motion.

12. Furthermore, the Debtor is not utilizing over half of the property under the Lease.

### RELIEF REQUESTED

13. The Movant requests an order compelling the Debtor to immediately assume or reject the Lease.

### ARGUMENT

14. Section 365(d)(2) provides that "the trustee may assume or reject an executory contract…at any time before confirmation of the plan, but the court, on the request of any party to such contract…may order the trustee to determine within a specific amount of time whether to assume or reject such contract." 11 USC 365(d)(2).

15. Courts have used different factors to determine what may constitute "reasonable time" for the purposes of section 365(d)(2). The Court in *In re Adelphia Communs. Corp*., 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) synthesized these decisions and developed a twelve-factor test that includes the following elements.

    1. the nature of the interests at stake;
    2. the balance of the hurt to the litigants;
    2. the good to be achieved;
    4. the safeguards afforded to the litigants;

5. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;

6. the debtor's failure or ability to satisfy post-petition obligations;

7. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;

8. the importance of the contract to the debtor's business and reorganization;

9. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan or reorganization;

10. whether there is a need for judicial determination as to whether an executory contract exists;

11. whether exclusivity has been terminated; and

12. above all, the broad purposes of Chapter 11, which is to permit successful rehabilitation of debtors.

16. The Court must make an equitable determination, based upon the balance of harm, considering the particular circumstances of the parties to the Lease. In applying the *Adelphia* factors, CFE respectfully submits that the circumstances in this case should persuade the Court to compel the immediate assumption or rejection of the Lease. However, noting that "there… cannot be an assumption without providing the necessary cure or adequate assurance of one." *Stanley Jacobs Prod., Ltd. v. 9472541 Can. Inc. (In re Thane Int'l, Inc.)*, 2018 Bankr. LEXIS 464, at 19* (Bankr. Del. 2018).

17. Also, "[a]n executory contract may not be assumed in part and rejected in part." *Fleming Companies, Inc. v. PCT (In re Fleming Cos.)*, 2007 WL 788921, at *2 (D. Del. Marc. 16, 2007).

18. The Debtor has an obligation under the Lease and section 365(d)(3) to timely perform all obligations under the Lease arising after the Petition Date until the Lease is rejected. The Debtor has not done so by failing to make full rental payments that were due on February 1, 2018, and March 1, 2018.

19. The Debtor's recent payment history along with its failure to fully pay all the post-petition rent payments demonstrate its inability to perform under the Lease and it has not provided adequate assurance of future performance to the Movant.

20. Finally, the Debtor's failure to utilize over half of the leased property demonstrates that this contract is not important to the Debtor's business and its reorganization.

WHEREFORE, Central Florida Educators Federal Credit Union respectfully requests that this Honorable Court enter an order compelling the immediate assumption or rejection of the Lease and granting Central Florida Educators Federal Credit Union such further relief as is just and proper.

/s/ J. Blair Boyd
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705),
J. BLAIR BOYD (FL Bar #28840), of
Sorenson Van Leuven, PLLC
Post Office Box 43637
Tallahassee, Florida 32315-3637
Telephone (850) 388-0500
Facsimile (850) 391-6800
*Counsel for Central Florida Educators Federal Credit Union*

-and-

FERRY JOSEPH, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street
Suite 1000
P.O. Box 1351
Wilmington, DE 19899
Telephone (302) 575-1555
Facsimile (302) 575-1714
*Local Counsel for Central Florida Educators Federal Credit Union*

Dated: March 6, 2018