# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 86 |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROOF OF CLAIM FORM, BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES, (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING 503(b)(9) CLAIMS, AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rules 2002-1(e) and 3003-1, (i) establishing the General Bar Date by which all creditors and certain interest holders must file proofs of claim[3] in these Chapter 11 Cases; (ii) establishing the Governmental Bar Date by which all governmental units (as such term is defined in section 101(27) of the

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

3. The Bar Dates approved herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in these cases, which shall be governed by the plan of reorganization confirmed in these Chapter 11 Cases.

Bankruptcy Code), including but not limited to taxing authorities, must file proofs of claim in these Chapter 11 Cases; (iii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court as the Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed; (iv) establishing the Amended Schedule Bar Date for certain creditors holding claims which have been amended by the Debtors in their Schedules; (v) establishing the procedure by which proofs of claim for certain administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code must be filed; (vi) approving the Claim Form to be distributed to potential creditors; (vii) approving the Bar Date Notice and the Publication Notice to be used to inform potential creditors of the Bar Dates; (viii) approving mailing and publication procedures with respect to notice of the Bar Dates; and (ix) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors or their property in these Chapter 11 Cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of* Reference *from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and notice of this Motion having been due and sufficient under the circumstances;

and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. <u>Bar Dates</u>. The Bar Dates as set forth in this Order are APPROVED.

3. <u>Notices and Forms</u>. The forms of the Bar Date Notice, the Publication Notice, and the Claim Form, substantially in the form attached to the Motion, and the manner of providing notice of the Bar Dates proposed in the Motion, are APPROVED. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4. <u>The General Bar Date</u>. The General Bar Date by which proofs of claim against the Debtors must be filed is **4:00 p.m. (prevailing Eastern Time) on April 30, 2018**, provided, however, that the General Bar Date for proofs of claims from governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), including but not limited to taxing authorities, is **4:00 p.m. (prevailing Eastern Time) on July 30, 2018.**

5. Any Entity that asserts a Prepetition Claim against the Debtors is required to file an original, written proof of such Prepetition Claim using the Claim Form or Official Form No. 410 so as to be received on or before the General Bar Date or the Governmental Bar Date, as applicable, by either mail; delivery by hand, courier, or overnight service; or by electronic filing at: (i) **if via First Class Mail, Hand Delivery or Overnight Courier, send to:** Patriot National, Inc. Claims Processing Center c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; and (ii) **if via Electronic Filing, by accessing the E-filing Claims link at:** https://cases.primeclerk.com/PatNat/EPOC-Index, (collectively, the "<u>Claims Docketing Center</u>").

6. The Claims Docketing Center will <u>not</u> accept Claim Forms sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the General Bar Date or the Governmental Bar Date, as applicable.

7. The following Entities <u>do not</u> need to file proofs of claim:

    (a) any Entity that has already properly filed with the Claims Docketing Center a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

    (b) any Entity whose Prepetition Claim or 503(b)(9) Claim is listed in the Debtors' schedules of assets and liabilities (the "Schedules"), **and** is not designated as "disputed," "contingent," or "unliquidated," **and** with respect to which the entity agrees with the nature, classification and amount that such Prepetition Claim or 503(b)(9) Claim is identified in the Schedules, **and** with respect to which the entity agrees that its Prepetition Claim or 503(b)(9) Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim or 503(b)(9) Claim in its Schedules;

    (c) any Entity whose Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim or 503(b)(9) Claim listed in the Debtors' Schedules) previously has been allowed by, or paid pursuant to, an order of this Court;

    (d) any of the Debtors that hold Prepetition Claims or 503(b)(9) Claims against one or more of the other Debtors;

    (e) any current or former equity security holder that seeks to assert <u>only</u> stock ownership interests;[4]

    (f) the DIP Agent, the DIP Lenders, and the Prepetition Secured Parties; and

---

4. Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership is required to file a proof of claim by the General Bar Date.

(g) administrative expenses[5] other than claims arising pursuant to 11 U.S.C. § 503(b)(9).

8. Any Entity whose Prepetition Claim is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and that desires to participate in or share in any distribution in any of these Chapter 11 Cases and any Entity that believes its Prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount or is not listed in the Schedules of each of the Debtors against whom such Entity asserts a claim and that desires to have its Prepetition Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

9. <u>The Rejection Bar Date</u>. The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

10. Entities wishing to assert a Rejection Damages Claim are required to file an original proof of such Rejection Damages Claim using the Claim Form so as to be received on or before the Rejection Bar Date by either mail; delivery by hand, courier, or overnight service; or electronic filing at the appropriate address identified above for the Claims Docketing Center.

11. The Claims Docketing Center will <u>not</u> accept Claim Forms or sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim with respect

---

5. Except with respect to claims arising pursuant to 11 U.S.C. § 503(b)(9), which shall be subject to the terms of this Order, nothing in this Order exempts holders of administrative expense claims from complying with the requirements for seeking allowance of an administrative expense claim under 11 U.S.C. § 503.

5

to a Rejection Damages Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Rejection Bar Date.

12. <u>The Amended Schedule Bar Date</u>. The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules is the later of (a) the General Bar Date and (b) thirty (30) days after the date that notice of the amendment or addition is served on the affected claimant.

13. Entities wishing to file proofs of claim with respect to claims which have been amended by the Debtors in their Schedules or added thereto are required to file an original proof of such claim using the Claim Form so as to be received on or before the Amended Schedule Bar Date by either mail; delivery by hand, courier, or overnight service; or electronic filling at the appropriate address identified above for the Claims Docketing Center.

14. The Claims Docketing Center will <u>not</u> accept Claim Forms sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim with respect to a claim which has been amended by the Debtors in their Schedules or added thereto shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Amended Schedule Bar Date.

15. <u>503(b)(9) Claims</u>. The following procedures shall apply for the filing of 503(b)(9) Claims:

  (a) 503(b)(9) Claimants may use the proof of claim form tailored to these cases (the "<u>Claim Form</u>"), attached to the Motion as **Exhibit "A"**,[6] to indicate that a 503(b)(9) Claim is being asserted. As set

---

6. A proof of claim under Rule 3001 must "conform substantially to the appropriate Official Form." Official Form 410 provides: "Do not use this form to make a request for payment of an administrative expense." However, the form can be used to file a claim for an administrative expense arising before the commencement of a case, and that is precisely the nature of section 503(b)(9) claims. The Claim Form is modeled on Official Form 410, modified as appropriate to address information specific to section 503(b)(9) claims, and is being made available at this time in order to allow section 503(b)(9) claimants to commence filing proofs of claims without having to
(Continued . . .)

forth in the Claim Form, each 503(b)(9) Claim against the Debtors must include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; and (iii) documentation identifying (A) the particular goods for which the claim is being asserted, (B) the date(s) of delivery of the goods the 503(b)(9) Claimant contends the Debtor received within 20 days before the Petition Date, and (C) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code;

(b) All of this required information should be sent to Prime Clerk, substantially in the form of the Claim Form so as to be received on or before the General Bar Date by either mail; delivery by hand, courier, or overnight service; or by electronic filing at the appropriate address identified above for the Claims Docketing Center;

(c) To the extent any 503(b)(9) Claims are allowed pursuant to these 503(b)(9) Claims Procedures and are entitled to administrative priority pursuant to the Bankruptcy Code, the claim shall be paid pursuant to and set forth in such plan of reorganization as shall be confirmed by the Court; and

(d) Nothing in these 503(b)(9) Claims Procedures shall affect the rights and remedies and/or defenses of the Debtors, claimants or any other party-in-interest with regard to avoidance of any claim or obligation.

16. <u>Claim Form</u>. Each proof of claim filed for a Prepetition Claim and/or a 503(b)(9) Claim must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the Claim Form provided or Official Form No. 410, as applicable, (d) attach copies of any writings upon which the claim is based, and (e) when asserting a 503(b)(9) Claims shall also comply with the 503(b)(9) Claims Procedures.

---

(. . . continued)
    wait for a bar date to be set. A copy of the Claim Form will be made available on the website of the Debtors' claims and noticing agent, Prime Clerk LLC, at https://cases.primeclerk.com/PatNat/EPOC-Index.

17.     Filing Proofs of Claim Against Multiple Debtors.  All Entities asserting claims against more than one Debtor are required to:  (a) file a separate proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, with respect to each such Debtor and (b) identify on each proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim, as applicable, the particular Debtor against which their claim is asserted.

18.     Effect of Failure to File by Applicable Bar Date.  Any Entity that is required pursuant to this Order to file a proof of claim for a Prepetition Claim and/or a 503(b)(9) Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against a Debtor, but that fails to do so in accordance with this Order on or by an applicable Bar Date may not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' Chapter 11 Cases on account of such Prepetition Claim or 503(b)(9) Claim, unless the Court orders otherwise.

19.     Mailing of Bar Date Notice Packages.  The Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and the Claim Form (collectively, the "Bar Date Notice Package") within five (5) business days of the entry of this Order to: (a) the U.S. Trustee; (b) all holders of Prepetition Claims and 503(b)(9) Claims listed on the Schedules at the addresses stated therein; (c) all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (d) all known current or former record holders of equity security interests of a Debtor; (e) all current and former employees of the Debtors that left the employ of the Debtors on or the Petition Date; (f) all taxing authorities for locations in which the Debtors do business; (g) all known lienholders; (h) all known parties to litigation in which the Debtors are involved; (i) all providers of utility services to the Debtors; (j) all insurance providers; (k) all of the Debtors' ordinary course professionals; (l) the Debtors'

banks; (m) the Debtors' pre- and postpetition secured lenders; (n) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order; (o) all parties that have filed proofs of claim in these cases as of the date of entry of this Order and (p) all parties included on the creditor matrix filed in these cases (collectively, the "Bar Date Notice Parties").

20. With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Claim Form annexed to the Motion as **Exhibit "A"**, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount and classification of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

21. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the applicable Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

22. <u>Supplemental Mailings of Bar Date Notice Packages</u>. In the event that: (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity security holders) decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors shall, to the extent they become aware of such Special Bar Date Parties prior to the applicable Bar Dates, make supplemental mailings of the Bar Date Notice Package.

23. <u>Establishment of Special Bar Dates</u>. The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary. With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates, so long as the Special Bar Date Party receives at least thirty (30) days' notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions).

24. <u>Actual Notice of Amended Schedule Bar Date</u>. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim or add a claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added claim, under the same notification procedures as other Special Bar Date Parties. Where a claimant has previously filed a proof of claim, amending schedules may not serve as a substitute for the filing of an objection to such proof of claim.

25. <u>Assistance of Claims Agent</u>. Prime Clerk LLC ("<u>Prime Clerk</u>"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages. To the extent that Prime Clerk requires any assistance with the preparation and mailing of the Bar Date Notice Package, including but not limited to printing, mailing, and logistical assistance, Prime Clerk is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. Prime Clerk is further

authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

26. <u>Publication Notice</u>. The Debtors shall cause the Publication Notice to be published in the national edition of *USA Today* and the South Florida *Sun-Sentinel* as soon as practicable after entry of this Order but in any event no later than thirty (30) days prior to the General Bar Date.

27. <u>Reservation of Rights</u>. The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim or 503(b)(9) Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) object to any Prepetition Claim, whether scheduled or filed, and any 503(b)(9) Claim, on any grounds.

28. The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

29. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Dated: March 8, 2018
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE