IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br> **Debtors.** | Chapter 11 <br> Case No. 18-10189 (KG) <br> (Jointly Administered) <br> Re: D.I. 17 |

**ORDER (I) APPROVING DISCLOSURE STATEMENT AND FORM AND MANNER OF NOTICE OF DISCLOSURE STATEMENT HEARING; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PROPOSED PLAN PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND 1128 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 3003, 3017, 3018, 3020 AND 9006 AND LOCAL RULES 2002-1, 3017-1, AND 9006-1**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order pursuant to pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2001-1, 3017-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Delaware (the "Local Rules") (i) approving the form and manner of notice and hearing to consider the Disclosure Statement for the proposed Chapter 11 Plan of the Debtors; (ii) approving the Proposed Disclosure Statement, as amended, as containing adequate information pursuant to section 1125 of the Bankruptcy Code; (iii) scheduling a hearing to consider confirmation of the Debtors' proposed Chapter 11 Plan; (iv) approving the Solicitation Procedures; and (v) approving the confirmation procedures; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties-in-interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and all objections to the Motion having been overruled or withdrawn; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, 3020, 6004, and 6006, and Local Rules 2001-1, 3017-1, 3018-1, 3020-1, and 6004-1.

C. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

D. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

E. The proposed notice of the Disclosure Statement Hearing, substantially in the form annexed as **Exhibit 1** is calculated to provide adequate notice concerning the Disclosure Statement Hearing.

F. The form of Ballots, substantially in the form annexed as **Exhibits 2-4** (the "Ballots"), adequately addresses the particular needs of these cases, and is appropriate for the Classes entitled to vote on the Plan.

---

3. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

3

G. Ballots need not be provided to the holders of Claims in (i) Class 2 (Other Secured Claims), and (ii) Class 3 (Priority Claims) because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

H. Ballots need not be provided to the holders of Claims in (i) Class 6 (510(b) Claims), (ii) Class 7 (Intercompany Claims), or (iii) Class 8 (Equity Interests) because they are deemed to reject the Plan.

I. The forms of notice to non-voting classes, substantially in the forms annexed as **Exhibits 5 and 6** are approved.

J. The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

K. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

L. The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the record holders and beneficial holders of the Debtors' Equity Interests are adequate and appropriate.

M. The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Packages, including the

4

Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

N. The notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of the Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion or this Order is necessary or required.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted as provided herein.

2. The Disclosure Statement is approved.

3. The form and manner of notice of the time set for filing objections to, and the hearing to consider approval of, the Disclosure Statement as described in the Motion and reflected in the Affidavit of Service filed by the Debtors' voting agent, Prime Clerk LLC ("Prime Clerk"), was proper, adequate, and sufficient notice thereof.

4. The Ballots are approved and to be distributed to the holders of Claims in Classes 1A, 1B, 4, and 5 under the Plan, which Classes are entitled to vote to accept or reject the Plan.

5. The Voting Record Date for purposes of determining which parties (i) are entitled to vote on the Plan, (ii) will receive a Notice of Non-Voting Status (as defined below), and (iii) will receive the Confirmation Hearing Notice, shall be Monday, March 12, 2018. For the purpose of the procedures described in this Order only, Holders of Claims who hold a claim

that (i) is not identified in the Schedules or is identified in the Schedules as "contingent," "unliquidated," or "disputed," (ii) is not asserted in a Proof of Claim that was filed prior to the Voting Record Date, and (iii) is asserted in a Proof of Claim that was timely filed by April 2, 2018 (a "Post Record Date Claim"), shall be treated as having been filed by the Voting Record Date.

6. All Ballots must be properly executed, completed, and delivered to Prime Clerk by (i) mail, in the return envelope provided with each Ballot, (ii) electronic, online submission at http://cases.primeclerk.com/patnat (as described more fully in paragraph 7 below); (iii) overnight courier, or (iv) personal delivery, so that they are actually received by Prime Clerk no later than **4:00 p.m. (prevailing Eastern Time) on April 13, 2018** (the "Voting Deadline").

7. Holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via Prime Clerk's E-Ballot platform. Instructions for casting an electronic ballot can be found on the "E-Ballot" section of Prime Clerk's website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective. For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform. Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

8. On or before the Solicitation Date, the Debtors shall mail or caused to be mailed a Notice of Non-Voting Status – Unimpaired Classes (the "Notice of Non-Voting Status – Unimpaired Claims"), substantially in the form annexed as **Exhibit 5**, and the Confirmation Hearing Notice, substantially in the form annexed as **Exhibit 7** to the holders of Claims in

Classes 2 and 3, which Classes are unimpaired and therefore not entitled to vote to accept or reject the Plan. With respect to any Post Record Date Claims, the Debtors shall provide the mailing described herein as applicable within three business days of the filing of the Post Record Date Claim.

9. On or before the Solicitation Date, the Debtors shall distribute a Notice of Non-Voting Status – Deemed Rejected Classes (the "Notice of Non-Voting Status – Impaired Classes" and together with the Notice of Non-Voting Status – Unimpaired Claims, the "Non-Voting Status Notices"), substantially in the form annexed as **Exhibit 6**, and the Confirmation Hearing Notice to the holders of Claims and Equity Interests in Classes 6 and 8, which Classes are deemed to reject the plan and therefore not entitled to vote to accept or reject the Plan. With respect to any Post Record Date Claims, the Debtors shall provide the mailing described here in as applicable within three business days of the filing of the Post Record Date Claim.

10. The Debtors shall not be required to serve a Notice of Non-Voting Status or any other type of notice in connection with solicitation of the Plan on holders of Claims in Class 7 (Intercompany Claims) because such Claims are held by the Debtors' affiliates and are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.

11. The Non-Voting Status Notices satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors, therefore, are not required to distribute copies of the Plan and the Disclosure Statement to any holder of a Claim in Classes 2, 3, 6, 7, or 8, unless such party otherwise makes a request in writing to the Debtors for a copy of the Plan or the Disclosure Statement on or before Thursday, March 15, 2018.

12. Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the

rights of the Debtors or the applicable creditor in any other context, each Claim in an Impaired Class that is entitled to vote to accept or reject the Plan is to be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the applicable Debtors' schedules of liabilities (as amended, the "Schedules"), *provided, however,* that:

(a) If a Claim is deemed Allowed (as defined in the Plan), pursuant to the Plan, except to the extent set forth herein, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b) If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed as set forth on the proof of Claim (or based on a reasonable review of the proof of Claim and any supporting documentation), such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 11(g) below;

(c) If a Claim, for which a proof of Claim was timely filed, lists an amount that is wholly liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(g) below;

(d) If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(g) below;

(e) If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(f) If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim has not been timely filed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(g) If the Debtors serve an objection to, or request for estimation of, a Claim at least 14 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of

allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(h) If the Debtors serve an objection to a Claim at least 14 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(i) For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(j) For purposes of voting, classification, and treatment under the Plan, Prime Clerk will not tabulate a vote on account of a Claim that is clearly duplicative of another voting Claim;

(k) Notwithstanding anything contained herein to the contrary, Prime Clerk, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized, but not obligated, to so cure any defects;

(l) There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(m) If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

13. Notwithstanding the foregoing, the claim amount of a Class 1A-1B Claim Holder for voting purposes only will be established based on the amount of the applicable portions held by such Holder, as of the Voting Record Date, as evidenced by the applicable records provided by the First Lien Agent in electronic Microsoft Excel format to the Debtors or the Claim and Noticing Agent no later than one business day following the Voting Record Date.

9

14. If a Claim is filed in a currency other than U.S. Dollars and is not allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00. If a holder of a Claim seeks to challenge the allowance (or disallowance) of its Claim for voting purposes, in accordance with the above procedures, such holder is directed to serve on the Debtors and file with the Court (with a hard copy delivered directly to Chambers) on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan.

15. If a holder of a Claim files a motion pursuant to Bankruptcy Rule 3018(a), such holder's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an order entered at least one business day prior to the Voting Deadline or as otherwise directed by the Court.

16. Any Ballot that is properly completed, executed, and timely returned to Prime Clerk but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

17. The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the applicable Voting Deadline unless the Debtors shall have granted, in writing, an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or

disputed for which no proof of Claim was timely filed; (v) any Ballot that is unsigned or without an original signature (*provided, however,* that a Ballot submitted via the online voting portal, as described below, shall be deemed to constitute an original signature); and (vi) any Ballot transmitted to Prime Clerk by facsimile, electronic transmission, or other electronic means not specifically authorized herein.

18. For holders of Claims subject to the Voting Record Date, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before ten (10) days prior to the Record Date, (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor. In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity purposes.

19. The Confirmation Hearing will be held on **Tuesday, April 24, 2018 at 11:00 a.m. (prevailing Eastern Time)**; *provided, however,* that the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

20. Any objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Equity Interest of such party;

(c) State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response;

(d) Conform to the Bankruptcy Rules and the Local Rules; and

(e) Be filed with the Court (contemporaneously with a proof of service) upon the Notice Parties so it is actually received on or before **4:00 p.m. (prevailing Eastern Time) on Friday, April 13, 2018** (the "Plan Confirmation Objection Deadline");

## "NOTICE PARTIES"

*Debtors*

Patriot National, Inc.
Attn: Gex F. Richardson
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Email: GRichardson@patnat.com

*Office of the United States Trustee*

Office of the United States Trustee for the District of Delaware
Attn: Linda Casey
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, Delaware 19801
Telephone: (302) 573-6491
Facsimile: (302) 573-6497

*Counsel to the Debtors*

Hughes Hubbard & Reed LLP
Attn: Kathryn A. Coleman
　　　Christopher Gartman
　　　Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
　　　chris.gartman@hugheshubbard.com
　　　dustin.smith@hugheshubbard.com

*Co-Counsel to the Debtors*

Pachulski Stang Ziehl & Jones LLP
Attn: Laura Davis Jones
　　　James E. O'Neill
　　　Peter J. Keane
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
　　　joneill@pszjlaw.com
　　　pkeane@pszjlaw.com

| | |
|---|---|
| *Counsel to Cerberus* | *Co-Counsel to Cerberus* |
| Schulte Roth & Zabel LLP<br>Attn: Adam Harris<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 756-2000<br>Facsimile: (212) 593-5955<br>Email: Adam.Harris@srz.com | Landis Rath & Cobb LLP<br>Attn: Adam G. Landis<br>      Kerri K. Mumford<br>919 North Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>          mumford@lrclaw.com |
| *Counsel to the Offical Committee of Unsecured Creditors* | *Co-Counsel to the Offical Committee of Unsecured Creditors* |
| Kilpatrick Townsend & Stockton LLP<br>Attn: David M. Posner<br>     Gianfranco Finizio<br>     Kelly Moynihan<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036-7703<br>Telephone: (212) 775-8700<br>Facsimile: (212) 775-8800<br>E-mail: dposner@kilpatricktownsend.com<br>       gfinizio@kilpatricktownsend.com<br>       kmoynihan@kilpatricktownsend.com | Attn: Carl N. Kunz, III<br>      Brenna A. Dolphin<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: ckunz@morrisjames.com<br>        bdolphin@morrisjames.com |

21. Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

22. Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **Tuesday, April 20, 2018 at 4:00 p.m. (prevailing Eastern Time)**.

23. The Confirmation Hearing Notice, substantially in the form annexed as **Exhibit 7**, is approved.

24. By no later than the Solicitation Date, the Debtors shall mail or caused to be mailed the following materials (the "Solicitation Packages") in connection with voting on the Plan, notice of the Confirmation Hearing, and the filing of objections to confirmation of the Plan:

    (a)    a copy of this Order granting the relief requested herein (without any exhibits) and approving the Disclosure Statement;

    (b)    the Confirmation Hearing Notice;

(c) a USB flash drive containing the Disclosure Statement, which shall include the Proposed Plan as an attachment (except as provided below); and

(d) if the recipient is entitled to vote on the Proposed Plan (as set forth herein), a Ballot in the form described below, and a postage-prepaid return envelope.

With respect to any Post Record Date Claims, the Debtors shall provide the mailing described here in as applicable within three business days of the filing of the Post Record Date Claim.

25. Solicitation Packages for holders of Claims in Classes 2, 3, 6, 7, and 8, which Classes are either unimpaired or deemed to reject the Plan, will not include a Ballot.

26. The Debtors shall not be required to send Solicitation Packages or any other notice to holders of Claims that the Debtors have determined to have already been paid in full or on account of clearly duplicative Claims; provided, however, that if, and to the extent that, any such holder would be entitled to receive a Solicitation Package or any other notice for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such holder shall be sent a notice in accordance with the procedures set forth herein.

27. By no later than the Solicitation Date, the Debtors shall mail or cause to be mailed a copy of the Confirmation Hearing Notice (to the extent not already provided above) to:

(i) All Notice Parties;

(ii) All persons or entities that filed proofs of Claim on or before the date of the Disclosure Statement Hearing, except to the extent their Claims were paid pursuant to, or expunged by, prior order of the Court;

(iii) All persons or entities listed in the Schedules as holding Claims other than scheduled Claims that have been superseded by a filed proof of Claim;

(iv) The registered and beneficial holders of the Debtors' existing Equity Interests as of the Voting Record Date;

(v) All other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' Chapter 11 Cases prior to the date of the Disclosure Statement Hearing; and

(vi) Any other known holders of Claims against, or Equity Interests in, the Debtors.

With respect to any Post Record Date Claims, the Debtors shall provide the mailing described here in as applicable within three business days of the filing of the Post Record Date Claim.

28. The Debtors shall publish the Confirmation Hearing Notice by no later than the Solicitation Date once in in the national edition of *USA Today* and the South Florida *Sun-Sentinel*. Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by Prime Clerk, http://cases.primeclerk.com/patnat.

29. With respect to addresses from which notices in the Chapter 11 Cases have been returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or other notice to the entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities at least seven (7) days before the Confirmation Hearing. Failure to mail the Solicitation Packages to such entities shall neither constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

30. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

31. The Debtors are authorized to make non-substantive and nonmaterial changes to the Disclosure Statement, the Plan, the Solicitation Packages, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents.

32. The notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest, and no other further notice need be provided.

33. Notwithstanding Bankruptcy Rules 6004, 6006, or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

34. The terms of this Order shall control to the extent of any conflict with the Motion.

35. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: Wilmington, Delaware
March 14, 2018

*Kevin Gross*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE