# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC.,** *et al.*,[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Hearing date: April 2, 2018 at 10:00 a.m. <br> Objection deadline: March 27, 2018 at 4:00 p.m. |

## MOTION OF MBAGO KANIKI FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 2004, DIRECTING CERBERUS BUSINESS FINANCE, LLC TO PRODUCE DOCUMENTS

Mbago Kaniki ("Shareholder"), a long-time shareholder of Debtor, Patriot National, Inc. ("Patriot"),[2] submits this motion ("Motion") for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), substantially in the form of Exhibit A hereto, directing Cerberus Business Finance, LLC ("Cerberus"), to produce all information requested on Schedule A ("Requested Information"), and respectfully states as follows:

## PRELIMINARY STATEMENT

The Debtors have claims against Cerberus that were first asserted in *Wasik, et al. v.*

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301. The debtors in the jointly administered cases are collectively referred to as the "**Debtors**."

[2] Shareholder has been a shareholder of Patriot since February 2016, and owns more than 4.5% of Patriot's shares. He is therefore a party in interest here.

*Mariano, et al*. ("Wasik Lawsuit").[3] Shareholder has endeavored to obtain information about these claims, including whether the Debtors have independently investigated the claims in the Wasik Lawsuit and any other claims against Cerberus, and the conclusions to which they have come. In conjunction with the Court's decision to include claims against Cerberus in a court ordered mediation,[4] Debtors suggested and the Court directed that an independent board member, Jonathan Landers ("Landers") represent the Debtors with respect to these claims at the mediation. At the hearing on the mediation motion, Shareholder was invited to meet directly with Landers to discuss the claims, and Shareholder pursued such avenue.

At a meeting held on March 2, 2018, Landers explained to Shareholder that he did not know whether the claims against Cerberus had been investigated by the Debtors, and he said that he had no information relating to them. He referred Shareholder to Debtors' counsel. Through his counsel, Shareholder contacted the Debtors' counsel to inquire about the Debtors' investigation of these claims, but did not receive an answer.[5] The Debtors' Second Amended Disclosure Statement of Patriot National, Inc. and Its Affiliates ("Second Amended Disclosure Statement") provided that an investigation was performed through the Debtors' independent director, presumably in the few days in between the March 2, 2018 meeting and March 9, 2018, the date the Second Amended Disclosure Statement was filed.[6] The Third Amended Disclosure Statement of

---

[3] C.A. No. 12953-VCL (Del. Chancery 2016).

[4] Mediation Order [ECF No. 256].

[5] Email of March 6, 2018 attached hereto as Exhibit B.

[6] The Second Amended Disclosure Statement at 24, provided: "The Debtors (though their independent director) have reviewed the claims against Cerberus alleged in the Wasik Action, including the complaint, the motion to dismiss and related pleadings. Based upon that review, as well as the Company's own knowledge of the events surrounding the Financing Facility, the Debtors have concluded that claims against Cerberus are weak and have a low probability of success even if the previously granted release were to be voided or rendered unenforceable and the claims litigated." [ECF No. 337-2].

Patriot National, Inc. and its Affiliated Debtors ("Third Amended Disclosure Statement") contained the same language with a caveat regarding the Committee's review.[7]

Not being able to make any progress with the Debtors, Shareholder, through his counsel, conferred with Cerberus to request the consensual turn-over of documents relating to the Cerberus financing. Cerberus was unwilling to turn over the documents. Through this Rule 2004 document request, Shareholder seeks information relating to (a) the facts and circumstances involving the prepetition financing by Cerberus; and (b) information relating to claims against Cerberus in the Wasik Lawsuit.

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this District is proper under 28 U.S.C. § 1408.

## BACKGROUND

**Patriot's Chapter 11 Case**

2. On January 30, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Landers became an independent director of Patriot on that date.

---

[7] After the hearing on the Second Amended Disclosure Statement, additional language was added as follows: "The Committee has informed the Debtors that it has not yet concluded its own review and at this time cannot agree with the Debtors', or the independent director's, conclusion" Third Amended Disclosure Statement of Patriot National, Inc. and its Affiliated Debtors. [ECF No. 376]

3

3. On the Petition Date, the Debtors filed their Joint Chapter 11 Plan of Reorganization [ECF No. 15] (the "Plan"). On January 31, 2018, the Debtors filed the Disclosure Statement of Patriot National, Inc., and its Affiliated Debtors [ECF No. 16] ("Disclosure Statement"). On March 1, 2018, the Debtors filed the Amended Disclosure Statement of Patriot National Inc., and its Affiliated Debtors [ECF No. 261] ("First Amended Disclosure Statement"), and on March 9, 2018, the Debtors filed the Second Amended Disclosure Statement. On March 14, 2018, the Debtors filed the Third Amended Disclosure Statement.

4. On February 1, 2018, the Court entered an Interim Order Granting Debtors' Motion for Entry of an Order (I) Approving Postpetition Financing; (II) Authorizing Use of Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief [ECF No. 57] ("Interim Financing Order"). On March 6, 2018 the Court entered the Final Order Granting Debtors' Motion for Entry of an Order (I) Approving Postpetition Financing; (II) Authorizing Use of Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties; and (IV) Granting Related Relief [ECF No. 297] ("Final Financing Order").

5. Pursuant to paragraph 15 of the Final Financing Order, Shareholder, as a party in interest, has the earlier of seventy-five days from the date of the Interim Order or the date of Commencement of a hearing to consider confirmation of a chapter 11 plan to commence an appropriate contested matter or adversary proceeding asserting any challenge claim against Cerberus ("Investigation Deadline"). If no challenge is lodged, Cerberus will be released from such claims.

6. On February 16, 2018, the Office of the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of

the Bankruptcy Code ("Committee"). The Committee objected to the First and Second Amended Disclosure Statements.

7. Pursuant to the Plan, on account of their First Lien Lender claims, Cerberus and the other Lenders (defined below) will receive new debt instruments and 100% of the newly issued equity interests in the Reorganized Patriot.

**Cerberus Credit Facility**

8. On November 9, 2016, a group of lenders ("Lenders") led by Cerberus, an affiliate of Cerberus Capital Management, L.P., which acted as administrative and collateral agent, provided a $280 million credit facility to Patriot and other Debtors as guarantors ("Cerberus Credit Facility"). The financing was arranged by Houlihan Lokey Capital, Inc. ("Houlihan"). Upon information and belief, Houlihan had trouble showing Patriot data of financings made under similar circumstances. Steven M. Mariano ("Mariano"), the Chief Executive Officer ("CEO") of Patriot obtained the financing to fund a dividend and share buy-back, of which he would be the primary beneficiary. Cerberus approved a $4 million executive compensation bonus to be paid in connection with the closing of the Cerberus Credit Facility. After the loan was closed, Mariano took a celebratory trip to the Bahamas with some Houlihan employees, costing Patriot hundreds of thousands of dollars. Over the next few months, Mariano engaged in a series of self-interested actions, including a $30 million transfer in February 2017 from Patriot to Guarantee Insurance Company, an entity controlled by Mariano. He was eventually forced to resign in July 2017, and received a $12.4 million severance package that likely was approved by Cerberus under the Cerberus Credit Facility.

9. The Debtors have claims pending against Cerberus. These claims were first asserted on the Debtors' behalf in the Wasik Lawsuit. In the Wasik Lawsuit, the plaintiffs brought direct and derivative claims against certain of the Debtors' current and former officers and directors as well as derivative claims on the Debtors' behalf against Cerberus for aiding and abetting breaches of fiduciary duty by those officers and directors.

10. The Wasik Lawsuit alleges that Mariano, Patriot's controlling shareholder and CEO and President (who needed to address personal financial issues), together with others on the management team, engaged in unlawful acts to loot Patriot for his own benefit.

11. The Wasik Lawsuit also alleges that Mariano, together with Todd E. Wilson ("Wilson"), contacted Houlihan without board approval to craft a financing to achieve this end. Mariano and Wilson sought to arrange a leveraged recapitalization, which would involve a large dividend payout for Mariano, and an extended stock buy-back also for his benefit. Prior to the leveraged recapitalization, Ebix, Inc. ("Ebix") made an unsolicited offer to acquire Patriot in June 2016, with Ebix increasing the purchase price to $475 million in August 2016. Mariano, Wilson and Houlihan worked to complete a financing and engaged with Cerberus in September 2016. Patriot, through Mariano, rejected the Ebix deal and moved forward with the Cerberus financing in November 2016.

**Shareholder Needs Information Promptly**

12. As mentioned above, under the Final Financing Order, the claim against Cerberus will be released unless a claim is brought against Cerberus by the Investigation Deadline. Potential claims against Cerberus may include similar allegations to the Wasik Lawsuit, which alleges that Cerberus aided and abetted the breaches by Debtors' officers and directors of their duties of care, loyalty, and candor by knowingly participating in actions that siphoned millions of dollars out of

the Debtors. If the allegations are proven, it would mean that Cerberus's acts ultimately enabled it to acquire a $475 million company for (ostensibly) $280 million via a credit facility that Cerberus (and Debtors' management) knew the Debtors would never be able to pay.

13. If the allegations in the Wasik Lawsuit are true, Cerberus not only deserves to have its claims subordinated, but its claims should be recharacterized as equity. *See, e.g., In re SubMicron Sys.*, 432 F.3d 448, 454 (3d Cir. 2006) (recognizing the court's authority to recharacterize debts as equity). An investigation of this allegedly tortious conduct is needed on an expedited basis.

## RELIEF REQUESTED

14. By this Motion, Shareholder seeks an order pursuant to Bankruptcy Rule 2004 directing Cerberus to produce the Requested Information. The production of the Requested Information by Cerberus is necessary to assist Shareholder in investigating claims against Cerberus for aiding and abetting breaches of fiduciary duty by the Debtors' officers and directors and to determine whether Shareholder has any basis for asserting other claims against Cerberus, including direct claims and/or a recharacterization claim. To the extent the claims are derivative, Shareholder will demand the Debtors assert such claims, and failing such assertion, ask that the Court permit the Committee or Shareholder to do so.

## BASIS FOR RELIEF

15. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" relating to, among other things, "the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004.

16. The purpose of an examination under Bankruptcy Rule 2004 "is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 756 (Bankr. S.D.N.Y. 2004); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 626 (citations omitted). The term "party in interest" has been construed liberally. *Matter of M4 Enterprises, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995) (*citing In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989)); *see also In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985).

17. In contrast with the limitations imposed on discovery conducted pursuant to Rule 26 of the Federal Rules of Civil Procedure, the scope of an examination under Bankruptcy Rule 2004 "is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.'" *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 626. "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. at 755; *accord In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

18. As explained above, the claims against Cerberus must be addressed prior to the Investigation Deadline to ensure that the Plan is proposed in good faith. If Cerberus is responsible for the acts alleged in the Wasik Lawsuit, or for other actionable conduct, its claim should be recharacterized. The Plan, which is on an extremely fast track to confirmation, should not go forward if its proposed distribution scheme will be altered by the claims against Cerberus. Thus, good cause exists for Bankruptcy Rule 2004 relief.

19. No prior motion or application for the relief requested herein has been made to this or any other Court.

## NOTICE

20. An order granting this Motion shall be served upon: (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC; (iii) Debtors counsel; and (iv) Committee of Unsecured Creditors registered with CM/ECF System for the United States Bankruptcy Court for the District of Delaware in this case.

## CONCLUSION

21. Shareholder respectfully requests that this Court enter an order substantially in the form of the Proposed Order annexed hereto as Exhibit A, and for such other and further relief as is just.

Dated: Wilmington, Delaware
March 14, 2018

ROSENTHAL, MONHAIT & GODDESS, PA

By: /s/ Edward B. Rosenthal
Edward B. Rosenthal, Esq. (DE 3131)
Norman M. Monhait, Esq. (DE 1040)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
Tel: (302) 656-4433
Fax: (302) 658-7567
Email: erosenthal@rmgglaw.com
nmonhait@rmgglaw.com

-and-

REID COLLINS & TSAI LLP

Angela J. Somers (*pro hac vice*)
810 Seventh Avenue, Suite 410
New York, New York 10019
Tel: (212) 344-5200
Fax: 212) 344-5299
Email: asomers@rctlegal.com

Eric D. Madden (*pro hac vice*)
Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: (214) 420-8900
Fax: (214) 420-8909
Email: emadden@rctlegal.com

*Counsel to Mbago Kaniki*